19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William Carroll LANTER, Plaintiff-Appellant,
and
Linda Diane Sunshine LANTER, Plaintiff,
v.
Department of Justice; Federal Bureau of Investigation,
Defendants-Appellees.
 No. 93-6308.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This pro se appeal is from an order of the district court dismissing plaintiffs' claims against the United States Department of Justice (DOJ) and the Federal Bureau of Investigation (FBI) for their failure to release certain records requested by plaintiffs. Plaintiffs appeal on the grounds that their constitutional rights were violated and that they were entitled to relief under the Freedom of Information Act (FOIA). We affirm.
 
 
 3
 Plaintiffs sought various documents from defendants and allege in this case that the documents were wrongfully withheld under the FOIA and that plaintiffs were deprived of a series of constitutional rights by the alleged withholding of documents. The record is clear that plaintiffs failed to file a timely appeal from the FBI's response to their FOIA request. Plaintiffs are required to show that they have exhausted their administrative remedies. They have failed to do so. We agree with the district court that all FOIA claims must be dismissed for failure to exhaust administrative remedies.
 
 
 4
 Plaintiffs seek a money judgment against the United States. The United States is immune from suit and has not in this case consented to be sued. Thus, the district court did not have jurisdiction to consider this claim and properly dismissed it. Plaintiffs' claims cannot be asserted against a federal agency such as DOJ or the FBI. Constitutional torts against a federal agency are barred by the doctrine of sovereign immunity. Ascot Dinner Theater, Ltd. v. Small Business Admin., 887 F.2d 1024, 1031 (10th Cir.1989). We affirm the dismissal by the district court of all claims.
 
 
 5
 We GRANT in forma pauperis status, GRANT the certificate of probable cause and AFFIRM the dismissal by the district court for substantially the reasons stated by the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470