Clifford L. STROUT, Plaintiff–Appellant,

v.

**U.S. PAROLE COMMISSION,**
Defendant–Appellee.

No. 94–1146.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 13, 1994.

Decided Oct. 17, 1994.*

---

\* This order was originally issued as an "unpublished order" filed on October 17, 1994. On November 3, 1994, the court designated the order as one recommended for full-text publication.

137

Clifford L. Strout (briefed), pro se.

Leonard Schaitman, Lowell V. Sturgill, Jr. (briefed), John F. Daly, U.S. Dept. of Justice, Appellate Staff, Civ. Div., Washington, DC, for defendant-appellee.

Before: KEITH, WELLFORD, and DAUGHTREY, Circuit Judges.

## ORDER

Clifford L. Strout, proceeding pro se, appeals a district court judgment in favor of the defendant in his action brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examina-

tion, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

The facts of this case are undisputed. Briefly, Strout was convicted in 1983 of second degree murder committed in a national park and was sentenced to thirty years in federal prison. In December 1992, he requested that the defendant United States Parole Commission ("the Commission") provide him with copies of all of their records relating to him to the extent they were disclosable under the FOIA. Strout wished to use the information in appealing an adverse parole decision issued on December 2, 1992. The Commission's regional office informed him by letter in January 1993 that his records were with the National Commissioners for their review and would not be available for copying until this review was completed. On February 18, 1993, Strout was informed by letter that 201 pages of requested documents and the tape of his parole hearing had been copied but would not be shipped until the $10.75 processing fee was paid. The letter also notified Strout that his file contained 228 pages of additional documents that would incur an additional $22.80 in duplicating charges if he wished to obtain them as well. Strout sent the entire amount of $33.55 on March 9, 1993. The National Appeals Board affirmed the Commission's decision on April 20, 1993. On June 9, 1993, all 429 pages of documents plus the tape were sent to Strout, along with an explanation that certain documents were either withheld or redacted pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6).

Strout's complaint sought declaratory and injunctive relief for the following claims: (1) the defendant failed to provide the requested documents in a timely fashion; (2) the defendant failed to provide the complete requested documents without justification; and (3) the defendant illegally demanded prepayment.

In a report filed on December 21, 1993, a magistrate judge recommended that the Commission's motion for summary judgment be granted. The magistrate judge concluded that Strout was not prejudiced by the delay in processing his requested documents, the Commission properly withheld the excluded and redacted information under Exemption 6, and the requirement that payment be made before already-processed documents were released was permitted by the applicable regulations. The district court overruled Strout's objections, adopted the magistrate judge's report, as modified, and granted summary judgment for the defendant. On appeal, Strout continues to argue the merits of his claims.

■ Upon review, we affirm the district court's judgment because the Commission did not violate the FOIA or the applicable regulations in its efforts to comply with Strout's request. This court's review of an order granting summary judgment is de novo; it uses the same test used by the district court. *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir.1993). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir.1993).

■ Strout first argues that the Commission unreasonably delayed in providing him with the requested documents, thus violating § 552(a)(3), which provides that upon receipt of a request for records which complies with published rules relating to procedures and fees, the agency "shall make the records *promptly* available to such person" (emphasis added). The undisputed facts in the record establish that the Commission did not unreasonably delay in complying with Strout's request for documents. To a great extent, the delay is attributable to the fact that Strout's request came at the same time he was appealing an adverse parole decision. Thus, Strout's file was simply unavailable to the regional office for copying for most of the first four months after it had received Strout's properly completed request.

■ Further, Strout was not prejudiced by the delay in receiving his documents. A prisoner may request that his case for parole be reopened in the event that new information is found. 28 C.F.R. § 2.28. In any

event, the very items that Strout had requested to support his appeal were in fact contained in the file that was examined by the National Commissioners and the National Appeals Board. Thus, both bodies had the documents at issue before them during their deliberations, even though they did not have Strout's specific arguments based thereon.

The basic goal of the FOIA is to open up federal agencies to public scrutiny. *Department of Air Force v. Rose,* 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976); *Norwood v. FAA,* 993 F.2d 570, 573 (6th Cir.1993). For this reason, exemptions are to be narrowly construed and the government bears the burden of proving the applicability of an exemption. *Id.; see also Department of State v. Ray,* 502 U.S. 164, ——, 112 S.Ct. 541, 547, 116 L.Ed.2d 526 (1991). The redaction procedure, however, is expressly authorized by the FOIA, *id.,* and involves a balancing of the nature and weight of the individual's right of privacy against the public purpose served by disclosure to see if disclosure would constitute a clearly unwarranted invasion of privacy. *Id.* at 547–49; *Norwood,* 993 F.2d at 574.

When that analysis is followed in this case, it is clear that the district court did not err in granting judgment for the defendant as to Strout's second issue. The redacted portions of the documents which Strout requested consist of names and addresses of persons who wrote letters to the Commission opposing his parole. The persons who wrote such letters have a strong privacy interest in this identifying information which is similar to that which the Supreme Court found in *Ray.* Strout has identified no public policy interest in disclosure of these names to outweigh this privacy interest. Indeed, there would appear to be a public policy interest *against* such disclosure, as the fear of disclosure to a convicted criminal could have a chilling effect on persons, particularly victims, who would otherwise provide the Commission with information relevant to a parole decision. Thus, the district court did not err in concluding that requiring the Commission to provide the redacted information to Strout would represent a clearly unwarranted invasion of privacy within the meaning of § 552(b)(6).

Finally, the district court did not err in granting summary judgment for the defendant on the issue of the alleged advanced payment requirement because the Commission only required payment of the already-accrued processing fee before release of those documents to Strout. 28 C.F.R. § 16.10. Although Strout sees this as a distinction without a difference, the regulation does not conflict with the statutory provision because the agency has already incurred the expense of search and duplication before requesting payment.

For these reasons, Strout has failed to show that the Commission improperly withheld agency records. Accordingly, the district court's judgment, entered on February 4, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.