**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL NO. 9, Plaintiff–Appellee,**

v.

**UNITED STATES AIR FORCE, Defendant–Appellant.**

**No. 94–1300.**

United States Court of Appeals, Tenth Circuit.

Aug. 25, 1995.

work on government construction projects. In particular, it monitors compliance with wage requirements, and ensures that sheet metal contractors are working with the prevailing ratio of journeymen to apprentices and that workers are appropriately classified for the work they perform.

The Union requested from defendant-appellant the United States Department of the Air Force all certified payroll records submitted by two particular contractors who were working on an Air Force Academy construction project. The project was subject to the Davis–Bacon Act, 40 U.S.C. § 276a, which requires that workers employed on federal construction projects be paid wages at the rate prevailing for similar workers in the project area, and the Copeland Anti–Kickback Act, 40 U.S.C. § 276c, which provides for monitoring and enforcement of the Davis–Bacon Act. The Copeland Act requires, *inter alia*, that contractors regularly submit certified payroll records to the contracting agency, listing each worker's name, address, social security number, job classification, hourly pay, hours worked, wages, fringe benefits, and deductions. *See* 29 C.F.R. §§ 3.3, 3.4. The Union also sought copies of all apprentice registration forms for one of the contractors.

John F. Daly, Dept. of Justice, Washington, DC (Frank W. Hunger, Asst. Atty. Gen., Dept. of Justice, Washington, DC; Henry L. Solano, U.S. Atty., Denver, CO; and Leonard Schaitman, Dept. of Justice, Washington, DC, with him on the briefs), for appellant.

Patrick J. Riley, Sheet Metal Workers' Intern. Ass'n, Washington, DC (Walter C. Brauer III, Brauer, Buescher, Valentine, Goldhammer & Kelman, Denver, CO, with him on the brief), for appellee.

Before ANDERSON, and McKAY, Circuit Judges, and COOK,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

This appeal presents a single issue: whether exemption 6 or exemption 7(C) of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(6) or 5 U.S.C. § 552(b)(7)(C), prohibits the release to a union of the names of employees who work for companies performing government contracts.[1] We hold that it does. We therefore reverse the grant of summary judgment to the plaintiff union.

## BACKGROUND

Plaintiff-appellee Sheet Metal Workers' International Association Local Union No. 9 ("Union") is a labor union. It monitors union and non-union sheet metal contractors who

The Air Force denied the request entirely, relying on exemption 6 of FOIA, which protects from disclosure "personnel files ... the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The Union filed an administrative appeal, which was denied in part and granted in part, and resulted in the release of the apprentice registration lists with individual names redacted, as well as the release of other information not in dispute in this appeal. The Air Force continued to refuse to release the payroll records.

The Union then brought this FOIA action, seeking release of the payroll records and the apprentice registration lists with names.

---

* The Honorable H. Dale Cook, Senior Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

1. Initially, there were two appeals in this case, one involving the merits of the propriety of the disclosure and one involving an award of attorneys' fees made to the plaintiff. The parties have stipulated to the dismissal of appeal No. 94–1436, which related solely to the award of attorneys' fees and costs.

The Air Force filed a motion to dismiss, which was referred to a magistrate judge, who recommended denial of the motion. The district court adopted that recommendation. Both parties thereafter filed motions for summary judgment, which were again referred to the magistrate judge, who recommended release of the payroll records with all personal identifiers redacted, and recommended release of the apprentice registration forms.

The district court thereafter ordered that the Air Force release to the Union "the certified payroll records and apprentice registration forms described in the Union's FOIA request, with the following information for each employee redacted: home address, social security number, withholding exemptions, withholding tax, FICA, and net wages paid." Mem. and Order at 7, Appellant's App. at 262. Significantly for this appeal, the Air Force was required to turn over employee names. The Air Force appeals the district court's order, "only insofar as [it] require[s] release of individual names." Appellant's Br. at 3.

## DISCUSSION

"The Freedom of Information Act was enacted to facilitate public access to Government documents." *United States Dep't of State v. Ray,* 502 U.S. 164, 173, 112 S.Ct. 541, 547, 116 L.Ed.2d 526 (1991). Accordingly,

the strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents. That burden remains with the agency when it seeks to justify the redaction of identifying information in a particular document as well as when it seeks to withhold an entire document.

*Id.* (citations omitted). Public access to government information is not, however, "all-encompassing." *Hale v. United States Dep't of Justice,* 973 F.2d 894, 898 (10th Cir.1992), *vacated on other grounds,* — U.S. —, 113 S.Ct. 3029, 125 L.Ed.2d 717 (1993). Access is permitted "only to information that sheds light upon the government's performance of its duties." *Hale,* 973 F.2d at 898.

FOIA contains nine specific exemptions from disclosure. Two are claimed to be relevant to this case: exemption 6 prohibiting the disclosure of information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6); and exemption 7(C) prohibiting the disclosure of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(7)(C). Exemption 7(C) provides greater protection from disclosure than exemption 6. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 756, 109 S.Ct. 1468, 1473, 103 L.Ed.2d 774 (1989).

To determine whether either exemption prevents disclosure, we must " 'balance the public interest in disclosure against the interest Congress intended the [e]xemption to protect.' " *United States Dep't of Defense v. Federal Labor Relations Auth.,* — U.S. —, —, 114 S.Ct. 1006, 1012, 127 L.Ed.2d 325 (1994) (quoting *Reporters Comm.,* 489 U.S. at 776, 109 S.Ct. at 1483) (alteration in original); *see Federal Labor Relations Auth. v. United States Dep't of Defense,* 984 F.2d 370, 374 (10th Cir.1993); *Andrews v. Veterans Admin.,* 838 F.2d 418, 423 n. 8 (10th Cir.), *cert. denied,* 488 U.S. 817, 109 S.Ct. 56, 102 L.Ed.2d 35 (1988). The Court has narrowly defined the "public interest" in FOIA disclosures, as "the extent to which disclosure would serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to the public understanding *of the operations or activities of the government.' " Federal Labor Relations Auth.,* — U.S. at —, 114 S.Ct. at 1012 (quoting *Reporters Comm.,* 489 U.S. at 775, 109 S.Ct. at 1482–83) (alteration in original). The "privacy interest" protected from unwarranted invasion by exemptions 6 and 7(C) encompasses "the individual's control of information concerning his or her person." *Reporters Comm.,* 489 U.S. at 763, 109 S.Ct. at 1476. Further, the Court reiterated in *Federal Labor Relations Auth.* that " 'whether an invasion of privacy is *warranted* cannot turn on the purposes for which the

request for information is made.'" —— U.S. at ——, 114 S.Ct. at 1013 (quoting *Reporters Comm.*, 489 U.S. at 771, 109 S.Ct. at 1480–81).

Thus, in this case, we must balance the privacy interest of the workers in nondisclosure of their names, against the "extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *Id.* (quoting *Reporters Comm.*, 489 U.S. at 773, 109 S.Ct. at 1482) (alteration in original). FOIA exemptions must be "narrowly construed." *Department of the Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976).

In this case, we review the grant of summary judgment to the party seeking disclosure—i.e., the Union. While there may be some disagreement among other courts as to the precise standard of review of a grant of summary judgment in a FOIA case,[2] our court reviews de novo any legal determinations made by the district court, once we have assured ourselves that the district court "had an adequate factual basis upon which to base its decision." *Anderson v. Department of Health and Human Servs.*, 907 F.2d 936, 942 (10th Cir.1990); *see also KTVY–TV v. United States*, 919 F.2d 1465, 1468 (10th Cir.1990) (per curiam).

The Union claims that the release of payroll records and apprentice lists, with names, would shed light on the Air Force's compliance with the Davis–Bacon Act. The Air Force relies heavily upon three circuit court opinions which have uniformly held that the release of payroll records with names and addresses of workers employed on government contracts constitutes a clearly unwarranted invasion of privacy under exemption 6 to FOIA. *See Painting Indus. of Haw. Mkt.*

*Recovery Fund v. United States Dep't of Air Force*, 26 F.3d 1479 (9th Cir.1994); *Painting & Drywall Work Preservation Fund v. HUD*, 936 F.2d 1300 (D.C.Cir.1991); *Hopkins v. HUD*, 929 F.2d 81 (2d Cir.1991). The Union responds that those cases are distinguishable because they involved the disclosure of names *and* addresses, whereas this case only involves the disclosure of names, and those cases did not involve apprentice registration lists. Finding no principled basis upon which to distinguish the rationale of those three decisions, we reverse the decision of the district court.

The Second, Ninth, and District of Columbia Circuits all began their analyses by recognizing a substantial privacy interest in personal identifying information, such as names and addresses, "particularly where, as here, the names and addresses would be coupled with personal financial information." *Hopkins*, 929 F.2d at 87; *see Painting Indus.*, 26 F.3d at 1484 ("[W]orkers on federally-funded construction projects have a substantial privacy interest in information tying their names and addresses to precise payroll figures."); *Painting and Drywall Work Preservation Fund, Inc.*, 936 F.2d at 1302–03; *Aronson v. IRS*, 767 F.Supp. 378, 389 n. 14 (D.Mass.1991) ("more meaningful question is whether inclusion of the address in the context of the particular requested record raises significant privacy concerns"), *aff'd in part, rev'd in part*, 973 F.2d 962 (1st Cir. 1992).

This conclusion rests both on the Supreme Court's broad definition of privacy in *Reporters Comm.* and *Federal Labor Relations Auth.*, and the wide range of use to which such information—"a list of people engaged in the construction trade, broken into their particular occupational classification," *Painting Indus.*, 26 F.3d at 1483—could be put by

---

**2.** The Third and Ninth Circuits state that they apply a "two-tiered" test to the grant of summary judgment in a FOIA case: "The reviewing court must first decide whether the district court had an adequate factual basis for its determination ... [and, if so,] it must then decide whether that determination was clearly erroneous." *McDonnell v. United States*, 4 F.3d 1227, 1242 (3d Cir.1993); *see also Painting Indus. of Haw. Mkt. Recovery Fund v. United States Dep't of Air Force*, 26 F.3d 1479, 1482 (9th Cir.1994). The D.C.

Circuit has explicitly adhered to the ordinary appellate standard of review for summary judgment motions, bearing in mind that "the 'burden is on the agency' to show that requested material falls within a FOIA exemption." *Petroleum Info. Corp. v. United States Dep't of Interior*, 976 F.2d 1429, 1433 (D.C.Cir.1992) (quoting 5 U.S.C. § 552(a)(4)(B)). However, the Third Circuit recognizes that it affords "plenary review of issues of law." *McDonnell*, 4 F.3d at 1242.

others besides the particular requester. We agree with the Air Force that the redaction of addresses alone, leaving names on the payroll records and thereby directly linking detailed financial information about workers on a particular federal construction project to those workers, does not materially lessen the substantial privacy interest involved. And while there may be less information conveyed on apprentice registration forms than on certified payroll records, those forms also reveal "a list of people engaged in the construction trade," *id.*, in a particular area, and therefore also implicate a substantial privacy interest.

Having determined that the Union's FOIA request implicates a substantial privacy interest, "we now consider whether FOIA recognizes a public interest in disclosure that might outweigh the intrusion that such disclosure would bring about." *Painting Indus.*, 26 F.3d at 1484. The Supreme Court has stated that the public interest served by FOIA is the interest in letting citizens know "what their government is up to." *Reporters Comm.*, 489 U.S. at 773. It does not encompass an interest in the "disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." *Id.*

In this case, the Union argues that the release of payroll records and apprentice registration forms with names will reveal whether the Air Force is properly monitoring compliance by the private contractors with the Davis–Bacon Act, including permitting the Union more efficiently to track that compliance week by week. This argument has been presented to and rejected by the Second, Ninth and District of Columbia Circuits. While recognizing that circuits disagree about the propriety and relevance of arguments relating to the "derivative use" of information sought under FOIA,[3] the Ninth Circuit has rejected the application of any such derivative use argument to employee

payroll records cases because "the additional step requires direct contact with the employees whose payroll records are being sought. Any additional public benefit the requesters might realize through those contacts is inextricably intertwined with the invasions of privacy that those contacts will work." *Painting Indus.*, 26 F.3d at 1485. The Second and District of Columbia Circuits have similarly held that any such public interest is too "attenuated" to outweigh the identified and substantial privacy interest involved. *Painting and Drywall Work Preservation Fund*, 936 F.2d at 1300; *Hopkins*, 929 F.2d at 88. The same rationale applies here: the attenuated public interest in disclosure of payroll records and apprentice registration forms with names attached does not outweigh the substantial privacy interest of the workers in that information. *Cf. Reporters Comm.*, 489 U.S. at 765, 109 S.Ct. at 1478 ("[D]isclosure of records regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind.").

In sum, three circuits have held that employees of private contractors performing federal construction projects have a substantial privacy interest in personal financial information with personal identifiers linking the individual to the financial information. They have further held that that interest outweighs any recognized public interest in the disclosure of such information. Whether viewed as relevant to the magnitude of the privacy interest at issue, or to the appropriate balance between that interest and the public interest in disclosure, we see no principled distinction between names alone as personal identifiers, or names and addresses. Either one provides the critical connection between personal information and the individual to whom that information relates.

Because we hold that exemption 6 protects the information sought from disclosure, we need not address whether the more protective provisions of exemption 7(C) would also

---

3. As the District of Columbia Circuit has described it, "derivative use" encompasses the situation where " 'the names of current workers might provide leads for an investigative reporter seeking to ferret out what "government is up to." ' " *Painting and Drywall Work Preservation Fund*, 936 F.2d at 1303 (quoting *Federal Labor Relations Auth. v. United States Dep't of the Treasury*, 884 F.2d 1446, 1452 (D.C.Cir.1989), *cert. denied*, 493 U.S. 1055, 110 S.Ct. 863, 864, 107 L.Ed.2d 948 (1990)). The Supreme Court has declined to rule on whether such "derivative use" is relevant to FOIA balancing. *Ray*, 502 U.S. at 178–79, 112 S.Ct. at 549–50.

prevent disclosure of that information. We therefore REVERSE the decision of the district court and REMAND for further proceedings consistent herewith.