**Robert E. STABASEFSKI, Plaintiff,**

v.

**UNITED STATES of America and Frederico N. Peña, Secretary, U.S. Department of Transportation, Defendants.**

No. 5:95–CV–279–4 (DF).

United States District Court,
M.D. Georgia,
Macon Division.

March 28, 1996.

Robert E. Stabasefski, Milner, GA, pro se.

Frank L. Butler, III, Macon, GA, for Federico N. Pena, United States of America.

FITZPATRICK, Chief Judge.

Plaintiff and Defendants have filed motions for summary judgment in this suit based on the Freedom of Information Act ("FOIA" or "Act"). Plaintiff requested information from the Federal Aviation Administration (FAA) regarding assistance payments made to FAA employees victimized by Hurricane Andrew. Plaintiff claims that the FAA failed to disclose information as required by the Freedom of Information Act. Plaintiff also contends that the FAA erroneously required advance payment of the copying costs associated with his request.

### FINDINGS OF FACT

By letter dated October 4, 1994, Plaintiff sent a request under the Freedom of Information Act to the Southern Region of the FAA. Plaintiff requested a "complete list, to include but not limited to" the names, dates, and amounts "paid to every FAA employee who received Hurricane Andrew assistance payments."

On October 17, 1994, Mary Beth Davis, an employee in the Accounting Division of the FAA Southern Region, contacted Plaintiff by telephone and informed him that the Agency did not have such a list. She explained, however, that the requested information could be culled from the actual claim vouchers filed by the individual employees. Plaintiff verbally agreed to accept copies of these vouchers.

By letter dated October 19, 1994, signed by Gary S. Moore, Manager, FAA Southern Region Accounting Division, Plaintiff was informed that the requested documents totaled approximately 1,436 pages, amounting to $143.60 in copying costs. The letter explained that "[i]n accordance with the Freedom of Information Act, we are required to give you an estimate if the cost is over $25, and receive 50% payment if the cost is over $100, prior to providing the items requested." Plaintiff had paid the copying costs in full by October 24, 1994.

On November 9, 1994, the Southern Region furnished Plaintiff with copies of the travel vouchers and subsistence claims. The vouchers revealed the amounts of the payments, but the FAA redacted any information that would identify the individuals whose records were disclosed, including the employees' names, social security numbers, home addresses, spouse and dependent surnames, and insurance policy numbers. The actual number of copies exceeded the FAA's estimation, for which Plaintiff was requested to remit an additional $6.70.

Plaintiff appealed the Southern Region's determination to withhold the names of the employees in the subsistence vouchers on November 29, 1994. Plaintiff subsequently amended his appeal, requesting the names of the employees as originally requested or a full refund. Plaintiff also protested the partial denial of his request in a telephone conversation with Ron Harding, Acting Assistant Chief Counsel, and by letter dated December 8, 1994, directed to Sandra Allen, FAA Assistant Administrator for Public Affairs.

By letter dated April 25, 1995, Roberta D. Gabel, Assistant General Counsel for the United States Department of Transportation, responded to a letter Plaintiff apparently sent to Secretary Peña. Although Gabel explained the legal issues raised by Plaintiff's request and appeal, she emphasized that the letter had no bearing on the ultimate disposition of Plaintiff's FOIA appeal.

■ Plaintiff filed this suit after the FAA failed to issue a determination regarding his appeal within twenty days after its receipt, as required by 5 U.S.C. § 552(a)(6)(A)(ii).[1]

---

**1.** The Act requires the agency to make a decision regarding any appeal within twenty days after receipt of the appeal. Upon notice to the requesting party, the agency may exceed this time limit by no more than ten working days. Defendants' failure to respond to Plaintiff's appeal

## CONCLUSIONS OF LAW

Plaintiff and Defendants have filed motions for summary judgment. These motions essentially raise two issues: (1) whether Plaintiff is entitled to a reimbursement either because the FAA erroneously required him to prepay the copying costs or because the documents provided by the FAA did not conform to his request; and (2) whether the Freedom of Information Act entitles Plaintiff to the names of the employees who received assistance payments from the FAA.

### I. Standard of Review

Summary judgment is proper "if ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As the facts of this case are undisputed, the court can address both parties' motions for summary judgment by applying the relevant law.

### II. Prepayment of Copying Costs

■ Defendants concede that the FAA mistakenly required Plaintiff to prepay a portion of the copying costs associated with his request. The Freedom of Information Act provides: "No agency may require advance payment of any fee unless the requester has previously failed to pay fees in a timely fashion, or the agency has determined that the fee will exceed $250." 5 U.S.C. § 552(a)(4)(A)(v). Because neither criterion for prepayment applies to Plaintiff, the FAA should not have required advance payment of the copying costs.

Defendants contend that the violation of the advance payment provision does not entitle Plaintiff to a refund of his fees. Plaintiff maintains, however, that if the FAA had not required advance payment, then he would have had the opportunity to examine the records before paying the fees. A cursory inspection would have revealed that the FAA had redacted the names of the employees, thereby giving Plaintiff the opportunity to return the records instead of paying the fee.

Notwithstanding Defendants' error, Plaintiff is not entitled to a reimbursement. Although the FAA unquestionably violated the prepayment provision, the Act does not expressly penalize an agency for doing so. The issue thus becomes whether FOIA provides any relief for Plaintiff.

■ The court acknowledges that if the FAA had not required advance payment, Plaintiff would have had the opportunity to examine the records prior to remitting payment. This fact, however, is irrelevant. Neither the Act nor the Code of Federal Regulations conditions the payment of fees on the requesting party's satisfaction. The Act provides that "fees shall be limited to reasonable standard charges for document search, duplication, and review." 5 U.S.C. § 552(a)(4)(A)(ii)(I). The Code of Federal Regulations implicitly rejects Plaintiff's theory by permitting an agency to require the payment of expenses already incurred for search and duplication prior to providing the requested documents. "Payment owed for work already completed is not an advance payment." 28 C.F.R. § 16.10 (1995). *Strout v. U.S. Parole Comm'n,* 40 F.3d 136, 139 (6th Cir.1994). Thus, once the FAA copied the requested documents, Plaintiff became liable for the copying costs regardless of whether the documents disclosed all of the requested information.

■ The statutory exceptions to FOIA's disclosure provisions illustrate that Congress contemplated the denial of some requests for information. Nevertheless, the Act does not provide for the reimbursement of fees when an agency invokes one of these exceptions. Rather, the remedial measures available under the Freedom of Information Act are limited to injunctive relief, costs, and attorney's fees. 5 U.S.C. §§ 552(a)(4)(B) & (E). The absence of any provision for reimbursement supports the inference that Congress did not intend to provide such a remedy. Indeed, a contrary conclusion would leave agencies inundated with additional costs and would create a loophole in the fee payment provisions—a party could avoid the fees asso-

within this thirty-day period resulted in the constructive exhaustion of Plaintiff's administrative remedies. 5 U.S.C. § 552(a)(6)(C). Therefore,

the court has subject matter jurisdiction over this case.

ciated with his request simply by seeking information not subject to disclosure.

The court declines to construe its statutory authority to order injunctive relief as license to order any form of equitable relief. When a statute expressly waives the federal government's sovereign immunity, the court must narrowly construe the terms of that waiver in favor of the United States. *United States v. Idaho, ex rel. Dir., Dep't of Water Resources,* 508 U.S. 1, 7, 113 S.Ct. 1893, 1897, 123 L.Ed.2d 563 (1993), citing *Ardestani v. INS,* 502 U.S. 129, 135–37, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991); *City of Brunswick v. United States,* 849 F.2d 501, 503 n. 4 (11th Cir.1988), *cert. denied,* 489 U.S. 1053, 109 S.Ct. 1313, 103 L.Ed.2d 582 (1989). Adherence to this axiom thus precludes the court from ordering the restitution of Plaintiff's copying fees. Therefore, within the confines of FOIA, the court can only enjoin the FAA from requiring the prepayment of fees unless the requirements of 5 U.S.C. § 552(a)(4)(A)(v) have been satisfied.

The only provision that might justify restitution of Plaintiff's fees is the one permitting the waiver or reduction of fees under certain circumstances. Because Plaintiff never sought a waiver of the fees from the FAA, however, Plaintiff failed to exhaust his administrative remedies. *Voinche v. U.S. Dep't of Air Force,* 983 F.2d 667, 669 n. 5 (5th Cir.), *cert. denied,* ⸺ U.S. ⸺, 114 S.Ct. 70, 126 L.Ed.2d 39 (1993). This court thus lacks subject matter jurisdiction to address the merits of any fee waiver claim.

## III. Names of Employees

Although Plaintiff specifically requested the names of the FAA employees who received subsistence payments, the names were redacted from the vouchers he received. Defendants maintain that the names of the recipients were excised from the vouchers pursuant to Exemption 6 of the Freedom of Information Act. Plaintiff asserts, however, that Defendants have not established that releasing the names would constitute a "clearly unwarranted invasion of personal privacy," as required by Exemption 6. According to Plaintiff, any invasion of

privacy is far outweighed by the public's interest in disclosure.

The Freedom of Information Act is designed to "facilitate public access to government documents." *U.S. Dep't of State v. Ray,* 502 U.S. 164, 173, 112 S.Ct. 541, 547, 116 L.Ed.2d 526 (1991) (citation omitted). To this end, the Act creates a "strong presumption in favor of disclosure," "plac[ing] the burden on the agency to justify the withholding of any requested documents." *Id.,* citing *U.S. Department of Justice v. Reporters Committee,* 489 U.S. 749, 755, 109 S.Ct. 1468, 1472, 103 L.Ed.2d 774 (1989). The agency bears this burden regardless of whether it seeks to withhold an entire document or to redact identifying information from a particular document. *Ray,* 502 U.S. at 173–75, 112 S.Ct. at 547. *See* 5 U.S.C. § 552(a)(4)(B) (In determining whether the agency properly withheld records under any of the exemptions set forth in the Act, "the burden is on the agency to sustain its action.").

In the instant case, the FAA redacted the names of the employees who received subsistence payments pursuant to Exemption 6 of the Act. Exemption 6 provides that the disclosure requirements of FOIA "do not apply to matters that are—(6) personnel and medical files and similar files the disclosure of which would constitute a **clearly unwarranted invasion of personal privacy.**" 5 U.S.C. § 552(b)(6) (emphasis added). Because the vouchers contain the names, addresses, social security numbers, and financial information of FAA employees, the court finds that they vouchers constitute files similar to personnel files. The court must now balance the individual's right of privacy against the public's interest in disclosure. *Ray,* 502 U.S. at 175–77, 112 S.Ct. at 548, citing *Department of the Air Force v. Rose,* 425 U.S. 352, 370–73, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976).

The threshold issue is whether a privacy interest is served by withholding the employees' names. *Painting & Drywall Work Preservation Fund v. HUD,* 936 F.2d 1300, 1302 (D.C.Cir.1991). Once the privacy interest at stake is determined, the next issue is whether the public interest would be ad-

vanced by disclosing the employees' names. The court must then examine "whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy." *Id.* (internal quotation marks omitted) (citations omitted).

The United States Supreme Court defines an individual's privacy as including the "information concerning his or her person." *Id.*, citing *Reporters Committee*, 489 U.S. at 763, 109 S.Ct. at 1476. Courts have consistently recognized that a federal employee has a substantial privacy interest in his or her name and address, particularly when linked with personal financial information. *Hopkins v. HUD*, 929 F.2d 81, 87 (2d Cir.1991); *National Association of Retired Federal Employees v. Horner*, 879 F.2d 873, 875 (D.C.Cir.1989), *cert. denied*, 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990); *FLRA v. Department of Treasury*, 884 F.2d 1446 (D.C.Cir.1989), *cert. denied*, 493 U.S. 1055, 110 S.Ct. 863, 107 L.Ed.2d 948 (1990); *Painting Industry of Hawaii v. Department of Air Force*, 26 F.3d 1479, 1486 (9th Cir. 1994). In the present case, the vouchers reveal the amounts of the subsistence payments disbursed to individual FAA employees. Because the disclosure of recipients' names would be coupled with personal financial information, the court concludes that Plaintiff's request implicates a substantial privacy interest. *Sheet Metal Workers Local No. 9 v. U.S. Air Force*, 63 F.3d 994, 998 (10th Cir.1995). *See Federal Labor Relations Authority v. U.S. Dep't of Defense*, 977 F.2d 545, 549 (11th Cir.1992).

The issue thus becomes whether the public interest in disclosure outweighs the invasion of privacy effected by the disclosure of the employees' names. "The Court has narrowly defined the 'public interest' in FOIA disclosures, as 'the extent to which disclosure would serve the' core purpose of the FOIA, which is 'contribut[ing] significantly to the public understanding **of the operations or activities of the government.**'" *Sheet Metal Workers Local No. 9 v. U.S. Air Force*, 63 F.3d at 996, quoting *United States Dep't of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, ——, 114 S.Ct. 1006, 1012, 127 L.Ed.2d 325 (1994) (citations omitted) (emphasis in original). The public interest does not include the "disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." *Reporters Committee*, 489 U.S. at 773, 109 S.Ct. at 1482.

The public interest in understanding the activities of the FAA is not served by disclosing the names of the employees who received subsistence payments. These names do not reveal anything about the conduct of the FAA or any official. Plaintiff seeks to use this information to demonstrate that tax dollars earmarked for maintaining a "safe system of controlling our national airways" were improperly used to provide disaster assistance. (Pl. Response, at 4–5). The information disclosed by the vouchers—the amounts claimed, the amounts reimbursed, and the factual bases upon which the reimbursements were made—provides Plaintiff with proof that the FAA did provide its employees with subsistence payments and the amounts of those payments. The disclosure of the recipients' names would not shed any additional light on the operations or activities of the FAA.

The attenuated public interest in disclosure of the employees' names does not outweigh the substantial privacy interest of the employees in that information. Disclosure would thus constitute a "clearly unwarranted invasion of personal privacy," thereby justifying Defendants' withholding of the names pursuant to Exemption 6 of FOIA. Accordingly, Defendants' motion for summary judgment is hereby **GRANTED** and Plaintiff's motion for summary judgment is hereby **DENIED.**

SO ORDERED.