Curt BARVICK, Plaintiff,

v.

Henry CISNEROS, Secretary of the Department of Housing and Urban Development of the United States, Defendant.

Civil Action No. 95–2245–GTV.

United States District Court,
D. Kansas.

Sept. 18, 1996.

Andrew C. Marquardt, Marquardt & Associates, L.L.C., Fairway, KS, for Plaintiff.

Robert A. Olsen, Office of United States Attorney, Kansas City, KS, for Defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court upon plaintiff Curt Barvick's motion for summary judgment (Doc. 5) and upon the defendant's motion for summary judgment (Doc. 7). For the reasons stated below, the plaintiff's motion is denied and the defendant's motion is granted.

Barvick is an investigator for the Kansas City, Kansas Office of Inspector General (OIG) of the Department of Housing and Urban Development (HUD). On January 4, 1995, Barvick filed a civil rights grievance against HUD, alleging a pattern and practice of sexual discrimination in his office, particularly with regard to recent GS–12 and GS–13 promotions.[1] On January 31, 1995, Barvick filed a request with HUD's OIG, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking records pertaining to himself. On February 10, 1995, Barvick filed another FOIA request, seeking all records, specifically resumes and job applications (SF–171s), of individuals who had applied for the GS–13 investigator position in his office recently filled by Karen Gleich.

On February 27, 1995, OIG's FOIA officer responded to Barvick's letters, advising that OIG does not maintain official personnel records on employees and applicants. The letter also stated that his FOIA requests were being referred to HUD's Office of the Executive Secretariat, which on March 3, 1995, advised Barvick that his request for records about himself had been referred to HUD's Privacy Act Officer.

On April 11, 1995, Barvick sent similar letters to HUD's FOIA Officer and Executive Secretariat, noting that he had not had a response to his February 10th letter. Additionally, he requested any records referencing his character, qualities, and work habits as well as those of Karen Gleich and Nancy Brown. Barvick also requested the resumes and SF–171s of all candidates for the St. Louis GS–13 position filled by Nancy Brown and for the Kansas City GS–12 position filled by Danny Barbat. On April 27, 1995, Barvick sent a follow-up letter to HUD's Privacy Act Officer.

On May 9, 1995, Barvick received from HUD a redacted SF–171 job application of the successful applicant for the Kansas City GS–13 position, rating worksheets, and the selection roster. Citing Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6), HUD informed Barvick that it would release redacted SF–171s for successful candidates but not resumes or SF–171s for unsuccessful applicants. Barvick timely filed an administrative appeal regarding his February 10th FOIA request.

On June 2, 1995, Barvick filed suit under the FOIA to enjoin the defendant from withholding agency records and to order production of such records.[2]

---

1. Barvick filed suit against Henry Cisneros, Secretary of HUD, on July 26, 1995, alleging violations of Title VII and the Age Discrimination in Employment Act. *See Barvick v. Cisneros,* No. 95–2326–JWL.

2. Barvick has listed Henry Cisneros, Secretary of HUD, as the defendant. Although the issue is not raised, the proper party defendant in a FOIA action is the agency, not an individual federal official. *Petrus v. Bowen,* 833 F.2d 581, 582–83 (5th Cir.1987); *Moore v. United States Marshals Serv.,* No. 90–3224, 1992 WL 266557, *1 (D.Kan. Sept. 30, 1992) (citing *Whittle v. Moschella,* 756

F.Supp. 589, 596 (D.D.C.1991)); *see* 5 U.S.C. § 552(a)(4)(B) (in an FOIA action, court has "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld"). Some courts, however, have ruled "that agency heads responsible for information disclosure may be sued in FOIA actions." *Gary Energy Corp. v. United States Dep't of Energy,* 89 F.R.D. 675, 676 (D.Colo.1981); *see LSB Indus., Inc. v. Commissioner of Internal Revenue,* 556 F.Supp. 40, 41 (W.D.Okla.1982). It is apparent that HUD, the proper party defendant, has had notice of the

On July 18, 1995, HUD responded to Barvick's FOIA requests of April 11th, enclosing redacted SF–171s of the successful candidates for the Kansas City GS–12 and the St. Louis GS–13 positions. HUD explained personal information such as dates of birth, home addresses, telephone numbers, social security numbers, performance appraisals, and personal references had been withheld pursuant to Exemption 6. HUD again declined to release resumes or SF–171s for unsuccessful applicants, stating release of such information would be an unwarranted invasion of personal privacy under Exemption 6.[3]

The parties have filed cross motions for summary judgment, which they agree will resolve this case in its entirety.

### *Summary Judgment*

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). All disputed facts, and reasonable inferences derived from the evidence presented, must be resolved in favor of the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir.1995); *F.D.I.C. v. 32 Edwardsville, Inc.*, 873 F.Supp. 1474, 1479 (D.Kan.1995). Here, the material facts are not in dispute.

Rule 56 should be construed to satisfy one of its principal purposes, namely, to segregate and eliminate factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Entitlement to summary judgment must be proven beyond a reasonable doubt. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir.1980).

"Summary judgment may ... be available to a FOIA defendant when the agency offers adequate affidavits establishing that it has complied with its FOIA obligations." *Schwarz v. Interpol, Office of Info. & Privacy*, 48 F.3d 1232, 1995 WL 94664, *1 (10th Cir.) (citing *Miller v. United States Dep't of State*, 779 F.2d 1378, 1382–83 (8th Cir.1985)), *cert. denied*, —— U.S. ——, 115 S.Ct. 2587, 132 L.Ed.2d 835 (1995). Adequate agency affidavits "(1) 'describe the withheld information and the justification for withholding with reasonable specificity, demonstrating a logical connection between the information and the claimed exception' ... and (2) 'are not controverted by either contrary evidence in the record or evidence of agency bad faith.'" *Badalamenti v. United States Dep't of State*, 899 F.Supp. 542, 546 (D.Kan.1995) (quoting *McDonnell v. United States*, 4 F.3d 1227, 1243 (3d Cir.1993)). Here, the defendant has submitted a declaration from the Director of HUD's Office of the Executive Secretariat that satisfies the above criteria.

[T]he strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents. That burden re-

---

action and has participated in its defense. Accordingly, Barvick's complaint is deemed amended to name HUD as the proper defendant. *See Jefferson v. Zelez*, No. 88–3199, 1990 WL 47742 *2 (D.Kan.1990); *Ott v. Levi*, 419 F.Supp. 750, 751–52 (E.D.Mo.1976); *Gary Energy Corp.*, 89 F.R.D. at 676–77 & n. 1.

**3.** The record does not indicate whether Barvick filed an administrative appeal from HUD's partial denial of his April 11th FOIA requests. *See Hass v. United States Air Force*, 848 F.Supp. 926, 929 (D.Kan.1994) (failure to appeal denial of FOIA request to higher authority within agency constitutes failure to exhaust administrative remedies). A court lacks subject matter jurisdiction and must dismiss a FOIA claim if the plaintiff

has failed to exhaust administrative remedies. *See Trenerry v. I.R.S.*, 78 F.3d 598, 1996 WL 88459, *1 (10th Cir.1996); *Lanter v. Department of Justice*, 19 F.3d 33, 1994 WL 75876, *1 (10th Cir.1994); *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir.1993). If, however, the agency fails to respond within the statutory time limit, the plaintiff is deemed to have exhausted administrative remedies. 5 U.S.C. § 552(a)(6)(C); *Maricopa Audubon Society v. United States Forest Serv.*, 923 F.Supp. 1436, 1442 (D.N.M.1995). Here, Barvick is deemed to have exhausted administrative remedies because HUD failed to respond to his April 11th FOIA requests within the statutory time limit.

mains with the agency when it seeks to justify the redaction of identifying information in a particular document as well as when it seeks to withhold an entire document.

*United States Dep't of State v. Ray*, 502 U.S. 164, 173, 112 S.Ct. 541, 546, 116 L.Ed.2d 526 (1991) (citations omitted); *see Sheet Metal Workers Int'l Ass'n, Local No. 9 v. United States Air Force*, 63 F.3d 994, 996 (10th Cir.1995). In an FOIA action, the court reviews do novo the defendant's decision not to release the requested information. The court "must determine whether all of the requested materials fall within an exemption to the FOIA and may not simply conclude that an entire file or body of information is protected without consideration of the component parts." *Anderson v. Department of Health & Human Servs.*, 907 F.2d 936, 941 (10th Cir.1990); *see Gersh & Danielson v. United States Envtl. Protection Agency*, 871 F.Supp. 407, 409 (D.Colo.1994).

### *Freedom of Information Act*

 Barvick initially argues that he is entitled to relief as a matter of law because the defendant did not respond to his FOIA requests within the ten-day statutory time limit. *See* 5 U.S.C. § 552(a)(6)(A)(i) ("Each agency, upon any request for records ... shall ... determine within ten days ... after the receipt of any such request whether to comply with such request...."); Eric J. Sinrod, *Freedom of Information Act Response Deadlines: Bridging the Gap Between Legislative Intent and Economic Reality*, 43 Am. U.L.Rev. 325, 329–30 (1994) (citing Act of Nov. 21, 1974, Pub.L. No. 93–502, 88 Stat. 1561 (1974)) (statutory time limits enacted in 1974). In a case of untimely denial, the plaintiff contends that the statute eliminates the court's discretion and that the court must order production of any withheld and redacted information. Barvick's construction of the statute, for which he cites no authority, is not persuasive.

In *Burke Energy Corp. v. Department of Energy for United States*, 583 F.Supp. 507 (D.Kan.1984), the Department produced documents or provided justification for withholding them eighteen months after the original

FOIA request. Based upon the facts of the case, the court denied the plaintiff's summary judgment motion alleging governmental bad faith. The court declined "to equate delay with bad faith" and found the Department's delay "was not sufficiently significant to permit the extreme remedy of summary judgment in favor of the plaintiff." *Id.* at 514. Here, the delay was at most five months, a shorter period of time then that at issue in *Burke Energy Corp.*

Most courts considering the issue have excused governmental delay in complying with the ten-day rule. Sinrod, 43 Am. U.L.Rev. at 342, 347. The issue is not ultimate access to the information, but under what time constraints courts should compel agencies to act upon FOIA requests. *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir.1993) (per curiam); *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 607–08 (D.C.Cir.1976).

The purpose of the ten-day limit for an agency response is to allow a FOIA requester, who has not yet received a response from the agency, to seek a court order compelling the release of the requested documents. The court may then order the agency to respond to the request. Or, the court may review the request itself under the de novo review provision. Frequently, if the agency is working diligently, but exceptional circumstances have prevented it from responding on time, the court will refrain from ruling on the request itself and allow the agency to complete its determination.

*Oglesby v. United States Dep't of Army*, 920 F.2d 57, 64 (D.C.Cir.1990) (citations omitted); *see Kuffel v. United States Bureau of Prisons*, 882 F.Supp. 1116, 1127 (D.D.C.1995); *see also Cohen v. F.B.I.*, 831 F.Supp. 850, 852 (S.D.Fla.1993) (if agency does not respond within ten days, "the requester is deemed to have constructively exhausted administrative remedies and can seek judicial review"). Here, in contrast to many of the cases cited above, Barvick received a response from the agency, albeit not within ten days.

 This court is persuaded that an agency's failure to respond within ten days

does not automatically entitle a FOIA requester to summary judgment.

 Barvick next challenges the adequacy of the defendant's response to his FOIA requests, which can be divided into two categories: withheld or redacted information on successful candidates, and withheld information on unsuccessful applicants. The defendant has supplied the court with copies of the redacted documents, which the court has examined. With regard to successful candidates, the defendant released educational and professional qualifications, but withheld or redacted all other information.[4] With regard to unsuccessful applicants, the defendant withheld all information. The plaintiff argues that the defendant erroneously relied upon Exemption 6 as its basis for redacting and withholding information.

Under Exemption 6, a governmental agency is not required to release information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). The parties do not dispute that the redacted and withheld information are "files" within the meaning of Exemption 6.

In ascertaining the applicability of Exemption 6, the Supreme Court has enumerated three principles:

First, . . . a court must balance the public interest in disclosure against the interest Congress intended the [e]xemption to protect.

Second, the only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contribut[ing] significantly to public understanding of the operations or activities of the government. . . .

Third, whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made. . . .

*United States Dep't of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 495–96, 114 S.Ct. 1006, 1012–13, 127 L.Ed.2d 325 (1994) (internal quotation marks and citations omitted).

 Exemption 6's protection "encompass[es] the individual's control of information concerning his or her person." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763, 109 S.Ct. 1468, 1476, 103 L.Ed.2d 774 (1989). "That information includes the prosaic (e.g., place of birth and date of marriage) as well as the intimate and potentially embarrassing." *Painting and Drywall Work Preservation Fund, Inc. v. Department of Hous. and Urban Dev.*, 936 F.2d 1300, 1302 (D.C.Cir. 1991). The court agrees with the defendant that the successful candidates have a significant privacy interest in the information redacted and withheld. *See, e.g., Stabasefski v. United States*, 919 F.Supp. 1570, 1575 (M.D.Ga.1996) ("Courts have consistently recognized that a federal employee has a substantial privacy interest in his or her name and address, particularly when linked with personal financial information.").

 The defendant balanced the private and public interests at issue and determined there was no overriding public interest in the information redacted or withheld pertaining to the successful candidates. The court agrees. *See, e.g., Reporters Comm. for Free-*

---

4. The defendant released information pertaining to the successful candidates' educational and professional qualifications, including letters of commendation and awards, as well as their prior work history, including federal positions, grades, salaries, and duty stations. *See* 5 C.F.R. § 293.311 (1996) (following information about government employees available to public: name, present and past job titles, present and past grades, present and past salary, present and past duty stations, and present and past salary); 24 C.F.R. § 15.3 (1996) (HUD's FOIA "policy is one of full and responsible disclosure of its identifiable records and information consistent with

such competing public interests concerning the national security, personal privacy, and obligations of confidentiality as are recognized by 5 U.S.C. § 552").

The defendant withheld or redacted the following information: home addresses and telephone numbers; social security numbers; dates of birth; maiden names; the names, addresses, and telephone numbers for references; names and family relationships of relatives employed by the federal government or armed services; life insurance; annuitant indicator; retirement plan; reasons for leaving prior employment; and performance appraisals.

*dom of the Press,* 489 U.S. at 765, 109 S.Ct. at 1478 ("disclosure of records regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind"); *Sheet Metal Workers Int'l Ass'n, Local No. 9,* 63 F.3d at 998 ("attenuated public interest in disclosure of payroll records and apprentice registration forms with names attached does not outweigh the substantial privacy interest of the workers in that information"); *Painting and Drywall Work Preservation Fund, Inc.,* 936 F.2d at 1303 (Exemption 6 protects personal information contained in payroll records); *Akron Standard Division of Eagle-Picher Indus., Inc. v. Donovan,* 780 F.2d 568, 574 (6th Cir.1986) (Celebrezze, J., concurring in part and dissenting in part) (employers' evaluation of employees is subjective and raises privacy concerns); *Ripskis v. Department of Housing and Urban Dev.,* 746 F.2d 1, 3 (D.C.Cir.1984) ("Employee evaluation forms contained in personnel files have been found to fall within the ambit of the exemption [6]."). The redacted and withheld information reveals little or nothing about the defendant or its conduct. *See Federal Labor Relations Auth.,* 510 U.S. at 497–98, 114 S.Ct. at 1013–14; *Stabasefski,* 919 F.Supp. at 1575. Information that does not shed light on the defendant's conduct "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Reporters Comm. for Freedom of the Press,* 489 U.S. at 775, 109 S.Ct. at 1483.

The public interest in disclosure does not outweigh the substantial privacy interest of the successful candidates in the redacted and withheld information. The court finds that disclosure would constitute a clearly unwarranted invasion of personal privacy, thereby justifying the defendant's reliance upon Exemption 6.

With regard to the information withheld on unsuccessful applicants, the defendant maintains these applicants have a substantial privacy interest in anonymity. The defendant contends that release of such information could reveal their identities and that knowledge of their nonselection could lead to embarrassment or adversely affect future employment or promotion prospects. *See United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Local 598 v. Department of the Army,* 841 F.2d 1459, 1465 n. 1 (9th Cir.1988) (Skopil, J., concurring) ("Courts hesitate to require disclosure if it will cause stigma or embarrassment."); *Ripskis,* 746 F.2d at 3 ("disclosure of even favorable information may well embarrass an individual or incite jealousy in his or her co-workers"). For support, the defendant cites *Core v. United States Postal Serv.,* 730 F.2d 946, 948–49 (4th Cir.1984), in which the Fourth Circuit Court of Appeals concluded:

> Even if [the unsuccessful applicants'] names were deleted, the applications generally would provide sufficient information for interested persons to identify them with little further investigation. Though the unsuccessful applicants about whom Core requested information were deemed qualified by the officials who reviewed the files, ultimately they were rejected after interviews by the selecting official. In contrast to the lack of harm from disclosure of the applicants of persons who are hired, disclosure may embarrass or harm applicants who failed to get a job. Their present employers, co-workers, and prospective employers, should they seek new work, may learn that other people were deemed better qualified for a competitive appointment. It is no answer to say that only Core seeks information about the unsuccessful applicants and that his purpose is benign. If Core is entitled to information about unsuccessful applicants for a government job, other members of the public, including employers and employment agencies, would be entitled to the same information in this and other instances.

*See Holland v. C.I.A.,* 1992 WL 233820, *14 (D.D.C.1992) (following *Core*). The court agrees that the unsuccessful applicants have a substantial privacy interest in the withheld information.

Citing *Sears, Roebuck & Co. v. General Servs. Admin.,* 402 F.Supp. 378 (D.D.C. 1975), *remanded on other grounds,* 553 F.2d 1378 (D.C.Cir.), *cert. denied,* 434 U.S. 826, 98 S.Ct. 74, 54 L.Ed.2d 84 (1977), Barvick argues that the public interest in whether the

defendant engaged in discrimination outweighs any privacy interest. Although the reason underlying the FOIA request was to assess employment discrimination, that case is distinguishable from the issue at hand. The discussion in *Sears, Roebuck & Co.* upon which the plaintiff relies concerned information requested about employees, not unsuccessful applicants.

The plaintiff states that he does not necessarily need the names, addresses, and telephone numbers for the unsuccessful applicants. He desires their gender and qualifications in order to prove his allegations of a pattern and practice of discrimination at HUD. The defendant suggests that redacting names, addresses, and other personal identifying information will not ensure protection of the unsuccessful applicants' identities because applicants for these positions are a select group in which many individuals know each other's backgrounds and qualifications. According to the defendant, this is not a case involving a minute risk of incidental identification. *Cf. Public Citizen Health Research Group v. Department of Health, Educ. & Welfare,* 477 F.Supp. 595, 603 (D.C.C.1979), *rev'd on other grounds,* 668 F.2d 537 (D.C.Cir.1981).

 Barvick apparently believes this court should grant his motion for summary judgment because the information he hoped to access through his FOIA requests is for his discrimination lawsuit and discoverable, if relevant, under Fed.R.Civ.P. 26.[5] Regardless of the requested information's usefulness in a separate civil proceeding, the FOIA does not supplant discovery or enlarge discovery rights. Being a private litigant neither diminishes nor enhances the merits of a FOIA request. *See National Labor Relations Board v. Sears, Roebuck & Co.,* 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 1513 n. 10, 44 L.Ed.2d 29 (1975); *Anderson v. Secretary of Health & Human Servs.,* 80 F.3d 1500, 1505 (10th Cir.1996); *Cappabianca v. Comm'r, United States Customs Serv.,* 847 F.Supp. 1558, 1564 (M.D.Fla.1994). Nonetheless, the availability of the information from other sources is a factor the Tenth Circuit has considered in balancing public versus private interest. *Campbell v. United States Civil Serv. Comm.,* 539 F.2d 58, 61 (10th Cir.1976).

Simply alleging that the defendant has engaged in a pattern and practice of employment discrimination does not justify release of personal information. *See Hopkins v. United States Dep't of Housing & Urban Dev.,* 929 F.2d 81, 88 (2d Cir.1991) ("The simple invocation of a legitimate public interest ... cannot itself justify the release of personal information."). Barvick fails to demonstrate how release of this information will establish or eradicate discrimination in the defendant's workplace. As the *Core* court noted,

> the public interest in learning the qualifications of people who were not selected to conduct the public's business is slight. Disclosure of the qualifications of people who were not appointed is unnecessary for the public to evaluate the competence of people who were appointed. Indeed, comparison of all applications may be misleading, because the appointments were made on the basis of both the applications and interviews.

730 F.2d at 949. "[A]ny general public interest in mere allegations of wrongdoing does not outweigh an individual's privacy interest in unwarranted association with such allegations." Justin D. Franklin & Robert F. Bouchard, 1 *Guidebook to The Freedom of Information & Privacy Acts* § 1.09[4], at 1-245 (2d ed. 1996).

The privacy interest of the unsuccessful applicants in the withheld information outweighs the public interest as espoused by the plaintiff. The court finds that disclosure would constitute a clearly unwarranted invasion of personal privacy, thereby justifying the defendant's reliance upon Exemption 6.

IT IS, THEREFORE, BY THE COURT ORDERED that the defendant's motion for summary judgment (Doc. 7) is granted.

---

**5.** In the same memorandum, two pages later, the plaintiff contends the FOIA is the only means by which he can obtain the information.

IT IS FURTHER ORDERED that the plaintiff Curt Barvick's motion for summary judgment (Doc. 5) is denied.

**IT IS SO ORDERED.**