Inta CELMINS and Thomas Burke, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Donald C. Alexander and James W. Caldwell, Defendants.

James MONTGOMERY and George Roberts, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF the TREASURY et al., Defendants.

Civ. A. Nos. 76–2161, 76–2162.

United States District Court, District of Columbia.

April 25, 1977.

**14**

Robert M. Tobias, Sandra Bloom, National Treasury Emp. Union, Washington, D. C., for plaintiffs.

John J. McCarthy, Donald J. Gavin, Robert L. Gordon, Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

GESELL, District Judge.

These cases which were consolidated for oral argument arise under the Freedom of Information Act, 5 U.S.C. § 552, and present questions about the scope of exemption 6 of the Act. 5 U.S.C. § 552(b)(6). Both cases involve requests for files generated by the Internal Revenue Service in selecting among applicants for promotions. Plaintiffs are unsuccessful applicants who have filed grievances under their Union's contract with the IRS. Their requests were granted in part and were denied in part; the denials being based on exemption 6. Plaintiffs have exhausted their administrative remedies, and these cases are now before the Court on cross-motions for summa-

ry judgment, there being no material facts in dispute.

■ Under exemption 6 an agency is allowed to withhold:

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

It is only when an invasion of privacy would be "clearly unwarranted" that an agency may refuse to release documents under exemption 6. To determine whether or not an invasion of privacy is warranted the Court must conduct a "balancing test." *Dept. of Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1975); *Getman v. NLRB,* 146 U.S.App.D.C. 209, 450 F.2d 670 (1971). Unfortunately, as is the case with all balancing tests, it is not clear exactly what considerations are to be balanced. *See Ditlow v. Shultz,* 170 U.S.App.D.C. 352, 517 F.2d 166 (1975); and *Rural Housing Alliance v. Dept. of Agriculture,* 162 U.S. App.D.C. 122, 498 F.2d 73 (1974). It is settled, however, that the Courts are to "tilt" in favor of disclosure. *Id.; Getman v. NLRB, supra.*

### I. *Celmins and Burke*

In *Celmins* three IRS attorneys applied for a promotion to the position of Estate Tax Attorney, GS–12. The two unsuccessful applicants requested the promotion file created by the agency in filling the position.[1] Some general documents were provided, along with all the material compiled on the plaintiffs themselves. However, three key documents from the successful applicant's promotion file were withheld entirely or in part. These were:

(1) the promotion appraisal form;

(2) the promotion evaluation scoresheet; and

(3) the promotion application.

The promotion appraisal is an analysis by a supervisor of the applicant's work over the last twelve months. It provides a numerical rating on ten different criteria and an evaluation in narrative form. The promotion evaluation scoresheet contains numerical ratings on 15 different criteria, a sum of these individual scores, and narrative comments of the promotion panel. The application is a standard form on which the applicant notes present position and any awards or training relevant to the promotion. From these documents, the IRS released the panel comments and cumulative numerical score contained in the promotion evaluation scoresheet, and the applicant's present position contained in the promotion application.

■ In essence, the withheld documents provide a detailed analysis of the work performance of the successful applicant and some indication of his education and training. The agency refused to turn over this data because the identity of the successful applicant is known to plaintiffs. It contends that under *Dept. of Air Force v. Rose, supra,* sensitive information may be withheld whenever it can be identified with a particular individual. However, rather than establishing such a concrete rule, *Rose* endorses a comprehensive balancing test. Moreover, unlike *Rose,* there is no allegation that the information which would be released in this case is stigmatizing. *Id.,* 425 U.S. at 357, 96 S.Ct. 1592. In fact, the opposite is likely to be true. Nevertheless, the evaluation of an individual's work performance, even if favorable, is personal information and its release is an invasion of privacy. *Id.* It will be assumed, but not decided, that even the release of information about an applicant's education and training is likewise an invasion of privacy. The issue is whether on balance this invasion is "clearly unwarranted."

Plaintiffs requested these documents to help them pursue a contractual grievance procedure. It is their belief that the successful applicant for the promotion was not as well qualified as they were. In pursuing their individual claims plaintiffs also help promote two important public interests.

[1]. This was not a request for a "personnel file" which contains information of a more personal nature than is contained in a "promotion file."

They help ensure that the Government fairly follows its own merit promotion procedures, and they encourage the use of nondisruptive grievance procedures in employment disputes. Further, only plaintiffs such as these will have sufficient interest to try to verify the use of merit promotion procedures. It is also important to note that the data from these documents cannot be retrieved from any other source, and that it was denied plaintiffs, on privacy grounds, in the grievance discovery process. *See Ditlow v. Shultz, supra,* 170 U.S.App. D.C. at 358–359, 517 F.2d at 172–173. Yet without this data the grievances cannot be adequately aired.

On the other hand, the intrusion into the privacy of the successful applicant should the contested data be released is a limited one. This information would only be meaningful to those people who are already aware of his identity.[2] This would mean a number of people at the Union and the IRS. There is no indication or reason to believe that his identity and work performance would become generally known,[3] and "exemption 6 was directed at threats to privacy interests more palpable than mere possibilities." *Rose, supra,* 425 U.S. at 380 n. 19, 96 S.Ct. at 1608.

■ The clear need for these documents in order to advance important public interests, on balance, overcomes the agency's desire to withhold this nonstigmatizing information about the successful applicant from those few people likely to have a need for it. The invasion of privacy that would be caused by the release of the contested documents is not clearly unwarranted; thus

the agency may not withhold these documents pursuant to exemption 6.[4]

## II. *Montgomery and Roberts*

In this case a more complicated situation is presented. Plaintiffs requested the promotion files[5] generated by the agency in filling two positions for Revenue Officers, GS–12. There were over a dozen eligible applicants for each of these positions. Both openings were in Indiana, one in Muncie, the other in Indianapolis. Plaintiff Roberts applied for each position; plaintiff Montgomery applied only for the Indianapolis position.

Some general information, much specific information, and all information relating to plaintiffs was released. Portions of four types of documents, however, were withheld. The promotion appraisals were released, but selected narrative comments were deleted and replaced with paraphrased comments. The promotion evaluation scoresheets were provided with comments about the applicants' awards, training, and education withheld. The promotion applications were also released with information about the applicants' awards, training and education deleted. The names of the applicants were deleted from the evaluations and appraisals but not the applications. Finally, the agency provided copies of the promotion panel's worksheets which contained a listing of the cumulative numerical scores assigned each applicant by the panel. It deleted, though, the names of all the applicants with the exception of the plaintiffs'. The agency also refused to provide any information about one applicant for the Muncie position.

---

2. Some people may have this knowledge due to their involvement with the situation. Others may know the applicant's identity through their access to the documents released by the IRS without Court direction which unnecessarily bear his name. The IRS cannot complain about the privacy invasion caused by the knowledge of people in this latter group.

3. Counsel for plaintiffs indicated at oral argument that the documents sought in these cases would be used only in the context of the grievance proceedings. In striking a balance between privacy interests and the need for the

documents the Court has considered the limited circulation these documents are likely to receive. Should this material in fact become widely disseminated, Courts would necessarily take this experience into account in future similar cases.

4. The agency may delete the applicant's name from all contested documents to limit as much as possible the intrusion into this person's privacy. *See* n. 2, *supra.*

5. *See* n. 1, *supra.*

As in *Celmins,* the plaintiffs requested these documents to pursue more effectively grievances over the promotions. The IRS withheld only data that it felt would allow plaintiffs to identify the individual to whom a particular work evaluation or background statement pertained. It is uncontested that this data would allow such identification.

In determining whether this identification of the applicants is an unwarranted invasion of their privacy, the Court must consider the same public interests and privacy interests it considered in *Celmins.* Furthermore, as in *Celmins,* this contested information is available only from the IRS, and has been denied plaintiffs in the grievance discovery process. In this case, however, it does not appear that all the information requested is necessary to air the grievances fully and thus vindicate the public interest.

 There is no reason to intrude upon the privacy of the applicants by linking them with their work evaluations or statements of education, awards, and training unless it will significantly aid plaintiffs in pursuing their grievances. It is obviously important that the plaintiffs know which work evaluations and background statements belong to the successful applicants. Otherwise they cannot even compare their qualifications with the qualifications of those who got the promotions. Thus the IRS must indicate which of the documents and which scores on the worksheets relate to the individuals who received the promotions. This identification having been made there is no reason to withhold any information regarding the education, awards, or training of these individuals.[6]

Yet plaintiffs concede that there is no need for them to know to whom the other work evaluations applied and promotion applications belonged. The agency was thus acting properly by withholding some identifying data in an attempt to balance competing interests. The deletion of identifying material in the narrative comments on the promotion appraisals and its replacement with nonidentifying paraphrased comments was justified under exemption 6. However, the withholding of information about an applicant's education, training, and awards from the panel scoresheet makes it most difficult for plaintiffs to air their grievances fully. It cannot be justified under exemption 6. This data must be released, but it may be paraphrased, as was done on the promotion appraisals, in such a way as to avoid identifying the individuals involved. It may be withheld from the applications since they have already been released with the applicant's name, and since it will not significantly aid plaintiffs to have this type of information in both places.

The IRS refused to release any information about one applicant for the Muncie position because he was the only individual applying for that position alone and it would be obvious which application and evaluations were his. Assuming this individual was not a successful applicant, the additional information from the release of the application and evaluations would not greatly enhance the processing of plaintiff's grievances. This invasion of privacy would be unwarranted. The agency may continue to withhold these documents under exemption 6.

Plaintiffs' motions for summary judgment are granted to the extent enumerated above. Defendant's motions for summary judgment are denied.

---

6. The names of the individuals need not be included in the documents released, thus limiting the privacy intrusion to those individuals who already know the names of the successful applicants. *See* n. 2, *supra.*