Al Louis RIPSKIS, Appellant,

v.

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.**

No. 83–1921.

United States Court of Appeals, District of Columbia Circuit.

Argued April 18, 1984.

Decided June 4, 1984.

Publication Ordered Oct. 5, 1984.

Eric R. Glitzenstein, Washington, D.C., with whom Arlene B. Kanter and Alan B. Morrison, Washington, D.C., were on the brief, for appellant.

Mitchell Berger, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., and R. Craig Lawrence, Royce C. Lamberth, and Michael Ryan, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellees.

Before WRIGHT and SCALIA, Circuit Judges, and HAYNSWORTH,* Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia

---

* Of the Fourth Circuit, sitting by designation pursuant to 28 U.S.C. § 294(d) (1982).

and was briefed and argued by counsel. The court has fully considered the issues presented; they occasion no need for an opinion. *See* D.C.Cir.R. 13(c).

For the reasons stated in the accompanying memorandum, it is

ORDERED and ADJUDGED by this court that the judgment of the District Court from which this appeal is taken is affirmed. It is

FURTHER ORDERED by this court, *sua sponte*, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir.R. 14, as amended November 30, 1981 and June 15, 1982.

## MEMORANDUM

Exemption 6 to the Freedom of Information Act, 5 U.S.C. § 552(b) (1982), excludes from FOIA's broad rule of disclosure all government "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *Id.* § 552(b)(6). In this case appellant Al Louis Ripskis seeks disclosure under FOIA of the names and evaluation forms of all employees of the Department of Housing and Urban Development who received a performance rating of "outstanding" for fiscal year 1981. Ripskis is a longtime HUD employee who, in his spare time, publishes *Impact*, a newsletter with information of interest to HUD employees. Within the context of his role as publisher of *Impact*, Ripskis sought the information at issue here to conduct a study of HUD's recently implemented Employee Performance Planning and Evaluation System (EPPES). In particular he sought to test the validity of the "widespread belief that outstanding ratings are the product more of favoritism than of merit." Affidavit of Al Louis Ripskis, May 25, 1982, at 2, Joint Appendix (JA) 11. Initially Ripskis filed a FOIA request with HUD requesting the names of all persons who had received the outstanding rating in FY 1981 and seeking other statistical information about these employees. HUD provided the statistical informa-

tion but not the names. Ripskis challenged within HUD this refusal to disclose the names but was unsuccessful. He then filed a second FOIA request demanding copies of the written evaluation forms for the employees rated outstanding in FY 1981. Responding to this request, HUD made available to Ripskis the evaluation forms of all such employees, but redacted the names and other identifying information.

HUD originally withheld the information on the ground that Exemption 6 justified nondisclosure of both the list of names of employees receiving the outstanding rating in FY 1981 and the names on each evaluation form of an employee who received the outstanding rating in that year. This prompted Ripskis to seek from the District Court an injunction ordering HUD to disclose all the requested information. On cross-motions for summary judgment the District Court declined to grant the injunction. The court held that Exemption 6 justified HUD's decision to withhold the list of names and the individual names on each employment evaluation form. *Memorandum Opinion*, June 28, 1983, JA 30. Prior to oral argument on appeal, however, a new collective bargaining agreement between HUD and its employees took effect and this agreement obligated HUD to publish the names of all employees who received ratings of outstanding. *See* reply brief of appellant at 2 & n.*. Though that agreement operates prospectively and thus does not require publication of the list of names that Ripskis seeks in this action, counsel for the government conceded at oral argument that HUD would supply Ripskis with the list of names he seeks. We therefore consider that aspect of Ripskis's FOIA request moot, and in this memorandum we evaluate only the District Court's decision to permit nondisclosure of the names and other identifying information on the disclosed evaluation forms.

■ In evaluating the propriety of HUD's refusal to disclose the requested information we apply a settled three-step analysis. First, is the requested information contained in "personnel [or] medical

files [or other] similar files." 5 U.S.C. § 552(b)(6). Second, would disclosure of the requested information compromise substantial privacy interests; if privacy interests in given information are *de minimis* disclosure would not amount to a "clearly unwarranted invasion of personal privacy," *id.*, in light of FOIA's broad policy favoring disclosure. Third, does the potential harm to privacy interests from disclosure outweigh the public interest in disclosure of the requested information; "Congress sought to construct an exemption that would require a balancing of the individual's right of privacy against the preservation of the basic purpose of the Freedom of Information Act * * *." *Dep't of Air Force v. Rose*, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976); *See* H.R. Rep. No. 89–1497, 89th Cong., 2d Sess. (1966). The burden is on the agency to persuade the court that the exemption is appropriate. *Getman v. NLRB*, 450 F.2d 670 (D.C.Cir.), *stay denied* 404 U.S. 1204, 92 S.Ct. 7, 30 L.Ed.2d 8 (1971).

■ Neither party in this case disputes that the evaluation forms at issue are contained in "personnel" or "similar" files. *See Dep't of State v. Washington Post Co.*, 456 U.S. 595, 600–601, 102 S.Ct. 1957, 1960–61, 72 L.Ed.2d 358 (1982). The dispute centers on whether substantial privacy interests are at stake and, if so, whether harm to these interests caused by disclosure would outweigh any public benefits flowing from the disclosure.

The exact scope of interests that Exemption 6 protects is not clearly delineated in the statute, legislative history or case law. The exemption is generally thought to protect intimate personal details the disclosure of which would be likely to cause embarrassment. *See* H.R.Rep. No. 89–1497, *supra*, at 11; *Rural Housing Alliance v. U.S. Dep't of Agriculture*, 498 F.2d 73, 77 (D.C.Cir.1974); *Simpson v. Vance*, 648 F.2d 10, 14 (D.C.Cir.1980). Employee evaluation forms contained in personnel files have been found to fall within the ambit of the exemption. *See Celmins v. U.S. Dep't*

*of Treasury*, 457 F.Supp. 13, 15 (D.D.C. 1977) ("evaluation of an individual's work performance, even if favorable, is personal information"). In the present case appellant argues that even if Exemption 6 extends to employment evaluations in general, it should not extend to the evaluations sought here because the evaluations of those who received HUD's highest rating in FY 1981 could not conceivably contain embarrassing information. We do not accept this view. The claim that these files will contain *no* derogatory information is far from certain, and was not credited by the District Court. *See Memorandum Opinion* at 5, JA 34. More importantly, disclosure of even favorable information may well embarrass an individual or incite jealousy in his or her co-workers. We therefore agree with the District Court's finding that substantial privacy interests are at stake.

Finding such interests, we must decide whether disclosure would harm these interests more than it would benefit the public. Undertaking this balancing we note that— in keeping with the rule that exemptions to FOIA be construed narrowly, *see EPA v. Mink*, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973)—the "clearly unwarranted" language of Exemption 6 weights the scales in favor of disclosure. *Getman v. NLRB*, *supra*, 450 F.2d at 674 & n. 11. In this case appellant Ripskis claims that disclosure would advance the public interest in efficient and evenhanded personnel policies at HUD. Since HUD implements some of this nation's most important public policies, this interest is of significant weight. Nonetheless, the disclosure Ripskis seeks will not necessarily bring unalloyed benefits. The government argues, and the District Court found, that the deleterious effects of disclosure might well overmatch any public benefit. Disclosure will be likely to spur unhealthy comparisons among HUD employees and thus breed discord in the workplace. Disclosure will be likely to chill candor in the evaluation process as well. Also, the interests that Ripskis seeks to vindicate can be substantially advanced by means short of disclosure of the names

and other identifying information found on evaluation forms. The extensive information already offered to Ripskis—including a list of all who received the "outstanding rating" for FY 1981—should provide ample basis for evaluating HUD's new EPPES. *See Heights Community Congress v. Veterans Administration,* 732 F.2d 526 (6th Cir.1984) (court should consider whether interest can be served without disclosing requested information); *Campbell v. U.S. Civil Service Comm'n,* 539 F.2d 58, 61 (10th Cir.1976); *Rural Housing Alliance v. U.S. Dep't of Agriculture, supra,* 498 F.2d at 77.

In light of the substantial privacy interest at stake, the uncertainty of the public interest in disclosure, and the adequacy of already released materials to the purpose appellant asserts, we hold that the District Court correctly found Exemption 6 applicable to the names and other identifying information on HUD's employee evaluation forms.

*Affirmed.*