**James Bond OUTLAW, Jr., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF the ARMY, Defendant.**

**Civ. A. No. 92–0297–LFO.**

United States District Court, District of Columbia.

March 25, 1993.

Thomas M. Dugard, Hamilton P. Fox, III, Sutherland, Asbill & Brennan, Washington, DC, for plaintiff.

Patricia D. Carter, Asst. U.S. Atty., Washington, DC, for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

In 1967, plaintiff, then an Army Sergeant in Hawaii, was convicted by a court-martial for the murder of First Sergeant William G. Marshall and sentenced to life imprisonment. He was released from confinement in 1992.

Five photographs of First Sergeant Marshall's body and his fatal wounds were made at the scene of the murder, marked with plaintiff's name and serial number (presumably for use as evidence) but were not put in evidence at the plaintiff's court-martial. Representing that these photographs are exculpatory of him and that with them at hand he could "clear his name," plaintiff sought their release administratively. Having exhausted that remedy, he filed this suit, *pro se*, clearly invoking the Freedom of Information Act and, ambiguously, the Privacy Act. Subsequently, after obtaining counsel, he filed an amended complaint which clearly invokes the Privacy Act. The matter is now at issue on defendant's motion to dismiss and cross-motions by each party for summary judgment.

The defendant's motions claim that the photographs are exempt from disclosure pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C) "on the grounds that release of such photographs, depicting the deceased First Sergeant Marshall, could constitute an unwarranted invasion of the personal privacy of the victim's family members." Defendant's Statement of Material Facts, ¶ 7.

The exemption claim must fail. The photographs relate to events which occurred in Hawaii twenty-five years ago. There is no showing by defendant that plaintiff, now 64 years old and who was incarcerated in Kentucky until 1992, would ever return to Hawaii. There is no showing that the murder was reported or known outside of Hawaii at the time and is surely long forgotten by whatever public noticed it at the time. De-

fendant's concern for the privacy of the decedent's surviving relatives has not extended to an effort to locate them to determine whether they object to the release. Indeed, if the prosecution had wished to put the photographs into evidence at the 1967 trial, it is most unlikely that the prosecution would have considered, or had any duty to consider, the privacy interest of the decedent's then surviving family. Most important, there is no showing by defendant that, as of now, there are any surviving relatives of the deceased, or if there are, that they would be offended by the disclosure.

On the other hand, there is an obvious public interest in the disclosure as a check on the administration of justice by the United States Army. As our Court of Appeals has stated, this court must:

> first determine whether their disclosure would compromise a substantial, as opposed to a *de minimis*, privacy interest. If no significant privacy interest is implicated ..., FOIA demands disclosure.... If, on the other hand, a substantial privacy interest is at stake, then [the court] must weigh that privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy.

*National Ass'n of Retired Federal Employees v. Horner*, 879 F.2d 873, 874 (D.C.Cir. 1989) (*citing Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150–54, 109 S.Ct. 2841, 2850–53, 106 L.Ed.2d 112 (1989), and *Ripskis v. Dep't of Housing and Urban Dev't*, 746 F.2d 1, 3 (D.C.Cir.1984)), *cert. denied*, 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990). Here, the privacy interest asserted is not substantial. Even if it were, that privacy interest is outweighed by the public interest in the contribution to the administration of justice by the Army that disclosure could effect. Accordingly, an accompanying Order will deny defendant's motions to dismiss and for summary judgment, grant plaintiff's motion for summary judgment, and require disclosure to him of the five photographs he has requested.

## ORDER

For the reasons stated in the accompanying Memorandum, it is this 25th day of March, 1993, hereby

ORDERED: that defendant's motions to dismiss and for summary judgment should be, and are hereby, DENIED; and it is further

ORDERED: that plaintiff's motion for summary judgment should be, and is hereby, GRANTED; and it is further

ORDERED: that defendant shall release to plaintiff the five photographs of First Sergeant Marshall that he requested.