**Steven E. PERLMAN, Plaintiff–Appellant**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant–Appellee,**

**Janet Reno, Robert L. Ashbaugh, Howard L. Sribnick and Deborah Marie Briscoe, Defendants.**

**Docket No. 01–6219.**

United States Court of Appeals, Second Circuit.

Argued: May 14, 2002.

Decided: Aug. 12, 2004.

Mark S. Zaid, Lobel, Novins & Lamont, Washington, DC, for Appellant.

Andrew D. O'Toole, Assistant United States Attorney, Southern District of New York (James B. Comey, United States Attorney for the Southern District of New York, Gideon A. Schor, Assistant United States Attorney for the Southern District of New York, on the brief), for Appellee.

Before: CABRANES, POOLER, and KATZMANN, Circuit Judges.

PER CURIAM.

The relevant facts are set forth in our prior opinion, *Perlman v. United States Dept. of Justice,* 312 F.3d 100 (2d Cir. 2002), in which we granted in part appellant Steven A. Perlman's Freedom of Information Act ("FOIA") request and ordered the disclosure of certain portions of a Report of Investigation ("ROI") by the Department of Justice's Office of the Inspector General, while permitting the names of certain witnesses and third parties to be redacted. We also held that although there was a substantial amount of information in the ROI regarding Paul Virtue, the former INS general counsel, any privacy interest that Virtue may have had in the ROI was overcome by the substantial public interest in disclosure of the report.

By contrast, in *National Archives and Records Admin. v. Favish,* —— U.S. ——, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004), the Supreme Court considered an FOIA request for 10 death-scene photographs of the body of Vincent Foster, Jr., the deceased deputy counsel to President Clinton. The request was made by a citizen named Allan Favish who was skeptical about the conclusion by several federal investigations that Foster committed suicide. The Office of Independent Counsel refused Favish's request, contending that FOIA's Exemption 7(C), which prevents disclosure of "records or information compiled for law enforcement purposes," pre-

cluded Favish's request. 5 U.S.C. § 552(b)(7)(C). Favish brought suit, seeking an order compelling disclosure of the photographs. The Supreme Court ruled that, as an initial matter, Foster's immediate family had both a personal and protectible privacy interest in the photographs even though the images only depicted Foster. The Court then imposed an additional burden on individuals making an FOIA claim:

> [W]here there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred.

*Favish,* 124 S.Ct. at 1581.

The rule announced in *Favish* does not affect the conclusion we previously reached in this case. It goes without saying that the graphic photographs at issue in *Favish* are far different from the ROI sought by Perlman. Further, the ROI details improper conduct by INS officials in the operation of certain visa programs, whereas Favish speculated that the pictures would in some way suggest some investigative impropriety. Thus, Perlman's request was not based on a mere suspicion of governmental impropriety; instead, he sought a report which substantiated his allegations. Finally, the information at issue in this case was not personal in nature, nor did it concern substantial privacy interests. We previously noted that while the ROI may contain some "minor personal background information about Virtue," that information had been redacted. *Perlman,* 312 F.3d at 108. Further, the ROI

focuses not on some private aspect of Virtue's life but primarily on his performance as INS general counsel. *Id.*

For these reasons, after reconsideration in light of *Favish*, we find that the conclusion initially reached in *Perlman* was correct and need not be disturbed. We therefore AFFIRM.