Larry TOMSCHA, Plaintiff–Appellant,

v.

GENERAL SERVICES ADMINISTRATION, Defendant–Appellee.

No. 04–4804–CV.

United States Court of Appeals, Second Circuit.

Dec. 12, 2005.

Larry Tomscha, New York, NY, for Appellee, pro se.

Lawrence H. Fogelman, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Lisa R. Zornberg, Assistant United States Attorney, on the brief), New York, NY, for Plaintiff/Defendant–Appellant.

Present: NEWMAN, McLAUGHLIN and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

**AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

In September 2003, Appellant Larry Tomscha, *pro se,* filed a complaint against Joseph Giorgianni[1] of the General Services Administration ("GSA"), claiming that the GSA had unlawfully withheld documents from Tomscha in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Tomscha seeks information regarding why a fellow employee at the GSA ("McDonald") was given certain awards and financial bonuses. In June 2004, the district court (Cote, *J.*) granted the GSA's summary judgment motion and denied Tomscha access to the records. The parties' familiarity with the facts, procedural history, and scope of issues to be reviewed is assumed.

We review *de novo* a district court's grant of summary judgment in a FOIA action. *See Halpern v. Fed. Bureau of Investigation,* 181 F.3d 279, 287–88 (2d Cir.1999) (citations omitted). The FOIA provides an exemption ("Exemption 6") for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 6 requires us to balance an individual's right of privacy against the "basic policy of opening 'agency action to the light of public scrutiny.'" *United States Dep't of State v. Ray,* 502 U.S. 164, 175, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991) (quoting *Dep't of Air Force v. Rose,* 425 U.S. 352, 372, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976)).

Initially, we must determine whether "more than a *de minimis* privacy interest is implicated." *Federal Labor Relations Auth. v. United States Dep't of Veterans Affairs,* 958 F.2d 503, 510 (2d Cir.1992). "[T]he notion of privacy 'encompasses the individual's control of information concerning his or her person,' and ... even though 'an event is not wholly 'private' [it] does not mean that an individual has no interest in limiting disclosure or dissemination of the information.'" *Id.* (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 763, 109 S.Ct. 1468, 103 L.Ed.2d 774, (1989)). "Release of information turns therefore on the nature of the document and its relationship to FOIA's purpose of exposing agency action to public scrutiny." *Id.*

Citing only anecdotal evidence, the appellant argues that employees like McDonald do not have a privacy interest in details of their job performance that are positive, such as receiving GSA "fast-track" awards and accompanying financial bonuses. He argues that it is human nature to desire and seek out public recognition for accomplishments and good deeds, and by extension, McDonald's privacy interests in this area are extremely limited. As the district court pointed out, however, numerous courts, including this one, have held otherwise. *See, e.g., Warren v. Social Security Admin.,* No. 98–CV–0116E (SC), 2000 WL 1209383, at *4 (W.D.N.Y. Aug. 22, 2000) ("[A]ward nominations represent intensely private information in one's personnel file, and accordingly ... these documents are within Exemption 6 of the FOIA."), *aff'd in relevant part, remanded on other grounds,* 2001 WL 514312 (2d Cir. May 15, 2001); *Fed. Labor Relations Auth. v. United States Dep't of Commerce,* 962 F.2d 1055, 1059 (D.C.Cir.1992) (Employees receiving "outstanding or commendable ratings have a substantial inter-

---

**1.** The district court allowed the GSA to substitute itself for Giorgianni as the named defendant.

est in maintaining the privacy of their evaluations" and the fact that they are favorable "does not diminish the interest."); *Ripskis v. Dep't of Housing and Urban Dev.*, 746 F.2d 1, 3 (D.C.Cir.1984) (The release of favorable information is likely to "spur unhealthy comparisons among HUD employees and thus breed discord in the workplace."). Accordingly, we agree with the district court's finding that the release of the justifications for McDonald's awards would constitute more than a *de minimis* invasion of privacy, as they necessarily include personal, albeit positive, information regarding his job performance.

Finding that there is more than a mere *de minimis* privacy interest at stake, we must now weigh this interest against the public's interest in disclosure, which requires us to look at these factors:

(1) the government employee's rank; (2) the degree of wrongdoing and strength of evidence against the employee; (3) whether there are other ways to obtain the information; (4) whether the information sought sheds light on a government activity; and (5) whether the information sought is related to job function or is of a personal nature.

*Perlman v. U.S. Dep't of Justice*, 312 F.3d 100, 107 (2d Cir.2002), *vacated by* 541 U.S. 970, 124 S.Ct. 1874, 158 L.Ed.2d 464 (2004), *reinstated on remand*, 380 F.3d 110 (2d Cir.2004). "The factors are not all inclusive, and no one factor is dispositive." *Id.*

Appellant appears to argue that the public has an all-encompassing interest in agency transparency and fair distribution of tax dollars. We disagree. Appellant seeks disclosure of the justification behind awards given to a single low-ranking employee of the GSA, though he alleges no wrongdoing by that employee, and provides no evidence that the employee was improperly awarded. Such a disclosure would not "contribut[e] significantly to the public understanding *of the operations or activities of the government.*" *United States Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994) (quoting *Reporters Comm.*, 489 U.S. at 775, 109 S.Ct. 1468). *See also Brown v. Fed. Bureau of Investigation*, 658 F.2d 71, 75–76 (2d Cir. 1981) ("[I]solated disclosures" regarding one person do not promote the public interest in "the fair and even-handed administration of our criminal justice system."). On balance, we find that McDonald's interest in keeping personal information regarding his job performance private outweigh any interest the public may have in disclosure of such information.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**