James F. Misiano, Misiano, Shulman, Capetola & Kessler, LLP, Melville, N.Y., for Plaintiff–Appellant.

Jonathan S. Cohen, Samuel A. Lambert, Attorneys, Tax Division, for Eileen J. O'Connor, Assistant Attorney General, Washington, D.C., for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Edward Pagan appeals from the January 31, 2006 Order of the United States District Court for the Eastern District of New York (Seybert, *J.* ), granting Defendant–Appellee Treasury Inspector General for Tax Administration's ("TIGTA") motion for summary judgment and dismissing Appellant's claims under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Federal courts review *de novo* an agency's decision to withhold or redact records requested under FOIA. 5 U.S.C. § 552(a)(4)(B); *Massey v. FBI*, 3 F.3d 620, 622 (2d Cir.1993). Moreover, this Court reviews *de novo* the district court's grant of summary judgment under FOIA. *Halpern v. FBI*, 181 F.3d 279, 287–88 (2d Cir.1999).

Although FOIA generally embodies a policy of open access, *Ortiz v. U.S. Dep't of Health & Human Servs.*, 70 F.3d 729, 732 (2d Cir.1995), it also contains exemptions for certain categories of documents. One such exemption is for documents "compiled for law enforcement purposes," the disclosure of which "could reasonably be expected to constitute an unwarranted invasion

**Edward PAGAN, Plaintiff–Appellant,**

v.

**TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION (TIGTA), Defendant–Appellee.**

No. 06–1655–cv.

United States Court of Appeals, Second Circuit.

Aug. 16, 2007.

of personal privacy." 5 U.S.C. § 552(b)(7)(C).

Appellant does not dispute that the allegations under investigation by TIGTA could have resulted in criminal or civil sanctions against him. Moreover, it is settled law in this Court that " 'an Inspector General of a federal government agency engages in law enforcement activities within the meaning of FOIA.' " *Perlman v. U.S. Dep't of Justice,* 312 F.3d 100, 105 (2d Cir.2002) (alteration in original) (quoting *Ortiz,* 70 F.3d at 733), *vacated for reconsideration,* 541 U.S. 970, 124 S.Ct. 1874, 158 L.Ed.2d 464 (2004), *reaff'd,* 380 F.3d 110 (2d Cir.2004) (per curiam).

The exemption therefore applies if "the invasion of privacy that would result from release of the information outweighs the public interest in disclosure." *Massey,* 3 F.3d at 624. The requester has the burden of establishing a public interest in the disclosure of the information. *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 172, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004). A desire on the requester's part to use the information for litigation purposes does not constitute a significant public interest. *Massey,* 3 F.3d at 625. Appellant has not indicated what substantial public interest would be served by the information's disclosure.

Appellant does suggest that this exemption should not prevent his obtaining information with respect to false or malicious statements made against him. Assuming *arguendo* that the requested documents (if, indeed, they exist) made false allegations, his argument is unavailing. Even false allegations are protected by the privacy exemption. *See Williams v. FBI,* 730 F.2d 882, 885 (2d Cir.1984). And we need not decide whether maliciously false statements would likewise be protected, for there is no evidence—there is only Appellant's conclusory assertion—that any statements sought (again, assuming they exist) were made maliciously.

The judgment of the district court is AFFIRMED.