**COWDERY, ECKER & MURPHY, LLC, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF the INTERIOR, Defendant.**

**Civil Action No. 3: 07cv00879 (SRU).**

United States District Court,
D. Connecticut.

Sept. 14, 2007.

---

Thomas J. Murphy, Cowdery, Ecker & Murphy, Hartford, CT, for Plaintiff.

John B. Hughes, U.S. Attorney's Office, New Haven, CT, for Defendant.

### RULING ON MOTION FOR EXPEDITED IN CAMERA REVIEW OF WITHHELD DOCUMENTS

STEFAN R. UNDERHILL, District Judge.

## I. Introduction

The plaintiff Cowdery, Ecker & Murphy, LLC ("plaintiff" or "CEM") commenced this action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"). CEM seeks to compel the Department of the Interior ("the Department" or "DOI") to disclose Senior Executive Service Performance Plan documents ("the performance reviews") prepared in the fiscal years 2004 and 2005 for Mr. James E. Cason, the nominal Associate Deputy Secretary of the Department of the Interior. In a separate lawsuit, CEM is challenging a decision by the Department to strip the Schaghticoke Tribal Nation ("the Tribe") of federal recognition as a tribal nation. Specifically, CEM argues that Cason was not confirmed by the Sen-ate and therefore was not properly installed in his position at the Department.

CEM requested the documents at issue in a FOIA request dated January 23, 2007, and argues that their disclosure is necessary and bears on its appeal of the Department's decision. The Department now claims two exemptions from disclosure under FOIA: exemption 6, that disclosure would constitute an unwarranted invasion of Cason's privacy, and exemption 5, that these documents would not be available by law in litigation with the agency because of the deliberative process privilege that protects candid internal discussions of legal or policy matters. The Department has produced redacted versions of the requested documents to CEM. CEM argues that the redacted performance reviews do not satisfy its FOIA request, and that neither exemption 6 nor exemption 5 properly applies here.

I have reviewed the briefs of both parties, as well as the redacted and unredacted performance reviews. The material facts related to this case are undisputed, only the legal import of those facts is contested. For the reasons discussed below, I treat the plaintiff's motion as one for summary judgment, grant that motion, and order that the Department disclose non-redacted versions of the performance reviews to CEM.[1]

## II. Exemption 6

Exemption 6 under FOIA, 5 U.S.C. § 552(b)(6), states that FOIA shall not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The question before me, then, is whether disclosure of the re-

---

1. The Department notes in its brief that the redacted portions of the performance reviews include Cason's social security number. The department may redact Cason's social securi-ty number in the otherwise non-redacted versions of the performance reviews that it discloses to CEM.

dacted information in the performance reviews would constitute an unwarranted invasion of Cason's privacy. Apart from Cason's social security number, the redacted information includes self-assessment of his performance in a number of areas, Department officials' recommendations with justifications for Cason's performance level and summary rating, and the final decision and justification regarding Cason's summary rating. According to the Department, this information, particularly Cason's self-assessment, is personal in nature, and disclosure would invade Cason's privacy in an unwarranted manner.

The Second Circuit has laid out a five-part balancing test to determine whether exemption 6 applies.

> In balancing a government employee's privacy interests against the public's interest in disclosure, a court should consider several factors, including: (1) the government employee's rank; (2) the degree of wrongdoing and strength of evidence against the employee; (3) whether there are other ways to obtain the information; (4) whether the information sought sheds light on a government activity; and (5) whether the information sought is related to job function or is of a personal nature. The factors are not all inclusive, and no one factor is dispositive.

*Perlman v. United States Dep't of Justice,* 312 F.3d 100, 107 (2d Cir.2002), *vacated by* 541 U.S. 970, 124 S.Ct. 1874, 158 L.Ed.2d 464 (2004), *reinstated after remand,* 380 F.3d 110 (2d Cir.2004).

### A. The Government Employee's Rank

■ In *Perlman,* 312 F.3d at 107, the Second Circuit found that the official in question's "high rank, combined with his direct responsibility for the serious allegations examined ... tilts strongly in favor of disclosure." Here, both parties agree that Cason is a high-ranking government official. Resp. at 9; Reply at 2. CEM argues that Cason is "the de facto third in command" at the Department. Reply at 2. Cason's high rank in the Department weighs towards disclosure.

### B. Degree of Wrongdoing and Strength of Evidence Against the Employee

The Department argues that CEM has not alleged wrongdoing against Cason, only that the Department did not follow certain requisite procedures in his appointment. The Department further argues that Cason was properly appointed and authorized to carry out his duties at DOI. Whether Cason was properly appointed is the ultimate issue in the related litigation between CEM and DOI, and it is not for me to decide that issue here, although I will note that, as CEM argues, the performance reviews may shed light on that ultimate issue.

CEM alleges that Cason has acted and continues to act in an *ultra vires* manner, unconstitutionally exceeding his authority. These are allegations that, if true, would constitute fairly serious wrongdoing. The strength of CEM's evidence against Cason is questionable; the unredacted performance reviews could prove to be the strongest evidence in support of CEM's allegations. Nevertheless, CEM has claimed serious wrongdoing on the part of Cason. Although stronger evidence would weigh more heavily in favor of disclosure, the degree of wrongdoing weighs towards disclosure.

### C. Availability of Other Means to Obtain the Information Sought

■ As *Perlman* states, "this factor examines whether the government is the only means for obtaining the desired information." 312 F.3d at 108. The Department claims, without citing any legal authority, that this factor can be extended to the question whether other information

from within the government would serve a similar purpose without invading the privacy of government employees. Without deciding that question, I do not believe that the other means of obtaining the sought-after information that the Department identifies—Cason's deposition testimony, the already-disclosed redacted performance reviews, and other documents relating to the substantive activity in which Cason engaged—adequately provide the requested information.[2] CEM presently seeks disclosure of the unredacted performance reviews, and from those reviews, an open and clear assessment from both Cason and his superiors of his actual job activities and performance (as opposed to more formal and boilerplate job descriptions). It is not clear from the Department's arguments that other means could adequately provide such information and such an assessment. Accordingly, I find that this factor weighs in favor of disclosure.

D. *Whether the Information Sought Sheds Light on Government Activity*

■ Under the *Perlman* test, "[t]his factor examines whether the information sought furthers FOIA's main purpose of 'open[ing] agency action to the light of public scrutiny.' The more the information sought sheds light on what the government is doing, the more this factor favors disclosure." *Perlman*, 312 F.3d at 108 (internal citation omitted). The Department argues here that the performance reviews do not shed light on government activity, but rather on Cason's

favorable view and characterization of his role in the Department. That argument fails to recognize that it is individual employees, particularly high-ranking employees such as Cason, whose conduct constitutes government activity. Cason's self-assessment, especially when coupled with his supervisors' ranking and evaluation, serves as both an internal marker of his activity as a government official and a public discussion of the work he does and has done in his official capacity for the Department.

■ Furthermore, as *Perlman* clearly states, *the more* the information sheds light on government activity, *the more* disclosure is appropriate. The Department has not argued that disclosure of the performance reviews would not shed *more* light on government activity, and it would not be correct to do so. Because Cason's performance as a high-ranking Department official is part of an assessment of government activity, and because the more that the Department discloses concerning his performance, the more light is shed on government activity, this factor weighs in favor of disclosure.

E. *Whether the Information is Related to Job Function or is of a Personal Nature*

Because exemption 6 seeks to protect government employees from unwarranted invasions of privacy, it makes sense that FOIA should protect an employee's personal information, but not information related to job function. The *Perlman* court states that "the disclosed information must

2. CEM had provided the text of Judge Dorsey's discovery order regarding Cason's deposition. The order states in relevant part that "the deposition will be limited to any communication he received . . . from members of the Connecticut congressional delegation, . . . state officials or any person or entity representing the State of Connecticut, which per-

tained to the . . . petition for federal recognition and what . . . role such communications played in" the Department's decision. Reply at 5 (quoting *Schaghticoke Tribal Nation v. Norton*, 3: 06cv81 (PCD), Doc. # 93 (Nov. 2, 2006)). The information that CEM now seeks falls outside of that discovery order.

relate to the employee's performance of his public duties." *Id.* Cason's self-assessment, and his supervisors' assessment of him, relates precisely to his performance of his public duties. Specifically, the unredacted performance reviews provide the public with a review of Cason's performance, as opposed to the redacted reviews, which give some sense of Cason's duties, but not his performance of them. CEM does not seek, and would not be entitled to, personal information that would implicate an unwarranted invasion of Cason's privacy, such as his social security number, or other such sensitive personal details.

■ The Department argues that, because CEM has a particular interest in the requested materials for the purpose of the underlying challenge to the Department's decision to strip the Tribe of federal recognition, disclosure of the requested performance reviews does not serve a public purpose. Citing *Vunder v. Potter*, 2006 WL 162985 at *2 (D.Utah Jan. 20, 2006), where the court ruled against disclosure of a Postal Service employee's performance review, the Department claims that, because the information sought is "specific to the requestor," this factor should weigh against disclosure. *See also New England Apple Council v. Donovan*, 725 F.2d 139 (1st Cir.1984). "The ultimate decision cannot turn on the purpose for which the request for information is made." *Vunder*, 2006 WL 162985 at *2; *see also Sheet Metal Workers Local No. 9 v. United States Air Force*, 63 F.3d 994, 997 (10th Cir.1995). In *Vunder*, however, the court found that there was no "discernible public interest" in the document sought, and that "[t]here is nothing about the document that would assist the public in better understanding the Postal Service's activities of [sic] performance of its statutory duties. Thus, disclosure would constitute a clearly unwarranted invasion of personal privacy." 2006 WL 162985 at *3. Here, as discussed above and in light of Cason's high rank

and the wrongdoing that CEM alleges, there is a public interest in the information contained in the unredacted performance reviews. This factor therefore weighs in favor of disclosure.

### F. *The Perlman Balancing Test Points to Disclosure of the Performance Reviews*

Each of the five factors of the *Perlman* test weigh in favor of disclosure of the performance reviews. Accordingly, I find that exemption 6 does not apply here.

### III. Exemption 5

Exemption 5 under FOIA, 5 U.S.C. § 552(b)(5), states that "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" are exempt under FOIA. The Department invokes exemption 5 for the first time in its Response to CEM's motion for in camera review, claiming that the performance reviews are protected by the "deliberative process privilege that protects candid internal discussions of legal or policy matters." Resp. at 15–16 (citing *Maricopa Audubon Society v. U.S. Forest Service*, 108 F.3d 1082, 1084 n. 1 (9th Cir.1997)).

■ "[I]t is reasonable to construe Exemption 5 to exempt those documents, and only those documents, normally privileged in the civil discovery context." *N.L.R.B. v. Sears, Roebuck, & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). As discussed above, the Department has argued here that CEM could have, and perhaps should have, requested the sought-after information during the course of civil discovery in their underlying challenge to the Department's decision. The Department cannot have it both ways: if the information sought is discoverable, exemption 5 does not apply.

Relevant case law makes clear that "to come within ... Exemption 5, the document must be a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1143–44 (D.C.Cir. 1975). The Department argues that legal or policy matters include matters of personnel policy, and that disclosure of the performance reviews would discourage open and honest feedback from Cason and other Department employees in future performance reviews. The sought-after information includes Cason's self-assessment and his supervisor's recommendations and assessment of his performance, not deliberations or recommendations on Department policy, personnel or otherwise. Exemption 5 does not apply to the requested performance reviews.

## IV. Conclusion

Treating the pending motion as a motion for summary judgment, the motion is granted. Because neither exemption 5 nor exemption 6 to FOIA applies to the performance reviews that CEM has requested from the Department, I declare the withholding of the performance reviews is unlawful and order the Department to disclose the unredacted performance reviews to CEM forthwith. The clerk shall enter judgment in favor of CEM and close this file.