*BuzzFeed Inc. v. United States Department of Justice*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-three.

PRESENT:

      ROSEMARY S. POOLER,
      BETH ROBINSON,
      SARAH A. L. MERRIAM
            *Circuit Judges.*

_____

BUZZFEED INC.,

      *Plaintiff-Appellant*,

        v.                             No. 22-1812

UNITED STATES DEPARTMENT OF JUSTICE,

      *Defendant-Appellee*.

_____

FOR APPELLANT:                           MATTHEW TOPIC,
                                         Loevy & Loevy,
                                         Chicago, IL

FOR APPELLEE:                            JEAN-DAVID BARNEA, Assistant U.S
                                         Attorney, Christopher Connolly (*on
                                         the brief*), Assistant U.S. Attorney,
                                         Damian Williams (*on the brief*), U.S.
                                         Attorney, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 21, 2022, is **AFFIRMED**.

Plaintiff-Appellant BuzzFeed Inc. appeals from the district court's grant of summary judgment to Defendant-Appellee United States Department of Justice ("DOJ") on BuzzFeed's claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In July 2020 the DOJ Office of the Inspector General ("OIG") published an investigative summary of a report entitled "Findings of Misconduct by a Former

DOJ Executive Officer for Making Inappropriate Comments Constituting Sexual Harassment to a Subordinate on Three Occasions."[1] Jt. App'x 15. The same day, a BuzzFeed representative submitted a FOIA request for the underlying report ("the Report"). In March 2021, OIG gave BuzzFeed the Report after redacting certain personally identifying information pursuant to Exemptions 6 and 7(C) of FOIA, 5 U.S.C. § 552(b)(6), (b)(7)(C). The DOJ Office of Information Policy subsequently denied BuzzFeed's administrative appeal of OIG's decision to redact, as relevant here, the Subject's identity.[2]

BuzzFeed subsequently filed this action in the district court, challenging the OIG's redaction of the Subject's identity. Reviewing cross-motions for summary judgment, and weighing the factors this Court set forth in *Perlman v. U.S. Dep't of Just.*, 312 F.3d 100, 107 (2d Cir. 2002), *vacated*, 541 U.S. 970 (2004), *reaff'd on remand*, 380 F.3d 110 (2d Cir. 2004), the district court determined that the privacy interests at stake outweighed the contribution that disclosure would make to the public's understanding of the operations or activities of the government. The district court thus granted DOJ's motion for summary judgment, concluding that the Subject's

---

[1] We hereafter refer to the former DOJ executive officer as "the Subject."
[2] Before the OIG, BuzzFeed sought the disclosure of the Subject's identity, his office location, and his effective date of retirement. But BuzzFeed limited its action before the district court to disclosure of the Subject's identity, and we therefore limit our review accordingly.

identity was exempt from disclosure under Exemption 7(C) of FOIA, 5 U.S.C. § 552(b)(7)(C), and dismissed BuzzFeed's action.

This Court reviews a district court's grant of summary judgment without deference to the district court. *See Ctr. for Const. Rts. v. C.I.A.*, 765 F.3d 161, 166 (2d Cir. 2014). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)).

FOIA requires public disclosure of federal agencies' records unless the requested documents fall within one of FOIA's nine enumerated exemptions (the "FOIA Exemptions"). 5 U.S.C. § 552(a), (b)(1)–(9); *see also Wood v. F.B.I.*, 432 F.3d 78, 82–83 (2d Cir. 2005). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994) (citing 5 U.S.C. § 552(a)(4)(B)).

FOIA Exemption 7(C) exempts from disclosure "records or information compiled for law enforcement purposes" to the extent that their disclosure "could

4

reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). "Exemption 7(C) requires a court to balance the public interest in disclosure against the privacy interest Congress intended the Exemption to protect." *Associated Press v. U.S. Dep't of Def.*, 554 F.3d 274, 284 (2d Cir. 2009) (internal quotation marks and brackets omitted). The privacy interests considered in this balancing are "broad" and include the "individual's control of information concerning his or her person." *Wood*, 432 F.3d at 88 (internal quotation marks omitted). These privacy interests are balanced against "the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *Cook v. Nat'l Archives & Recs. Admin.*, 758 F.3d 168, 177 (2d Cir. 2014) (internal quotation marks, alterations, and emphasis omitted).

In *Perlman*, we held that

> [i]n balancing a government employee's privacy interests against the public's interest in disclosure, a court should consider several factors, including: (1) the government employee's rank; (2) the degree of wrongdoing and strength of evidence against the employee; (3) whether there are other ways to obtain the information; (4) whether the information sought sheds light on a government activity; and (5) whether the information sought is related to job function or is of a personal nature.

312 F.3d at 107. "The factors are not all inclusive, and no one factor is dispositive." *Id.*

We recognize that in this case, the Subject's rank, the seriousness of his wrongdoing, and an absence of other means to acquire the Subject's identity weigh in favor of disclosure. However, based on the information already disclosed in the Report, disclosure of the Subject's identity would do little to "shed[] light on government activity" and advance the core purpose of FOIA. *See id.*; *see also Long v. Off. of Pers. Mgmt.*, 692 F.3d 185, 193 (2d Cir. 2012) (explaining that deciding to disclose an employee's name is context specific, and "[i]n many contexts, federal courts have observed that disclosure of individual employee names tells nothing about what the government is up to" (internal quotation marks omitted)).

BuzzFeed identified the following public interest in its FOIA request:

The subject of the records is misconduct by a now-former senior official at the Justice Department. The records are likely to contribute to the general public's understanding of its government because they will reveal details about the extent of misconduct by a public official, how the department responded to the allegations, and the factual underpinnings of the inspector general's findings.

Jt. App'x 58. The redacted Report DOJ already disclosed to BuzzFeed largely satisfies this public interest and FOIA's core purpose more broadly. The comprehensive fifteen-page report discloses the facts surrounding the misconduct

6

that occurred, sets forth DOJ's policy, and includes the OIG's finding that the Subject violated DOJ's policy. Revealing the identity of the Subject would do little to further advance the public interest identified by BuzzFeed given that the Subject has since retired. *See Am. Immigr. Laws. Ass'n v. Exec. Off. for Immigr. Rev.*, 830 F.3d 667, 675-76 (D.C. Cir. 2016) (explaining that retired status generally gives former government employees a greater privacy interest in their names and lessens the public interest because retired employees are not making decisions on behalf of the government).

In weighing the interest in disclosure against the private interest at stake, we are mindful that disclosure of the Subject's identity not only implicates the Subject's privacy but creates a risk that the victims, third-party witnesses, and those close to the situation may be identified. BuzzFeed has not submitted evidence disputing DOJ's affidavit identifying a risk that disclosure of the Subject's identity would impact the privacy interests of the victims and third parties involved in this matter. *See Behar v. U.S. Dep't of Homeland Sec.*, 39 F.4th 81, 93-94 (2d Cir. 2022*), cert. denied sub nom. Behar v. Dep't of Homeland Sec.*, No. 22-578, 2023 WL 3158361 (U.S. May 1, 2023) (explaining that when seeking to exempt information from disclosure on the basis that it would affect the privacy interests

of third parties, an agency need only demonstrate that the information sought "is the type of information that a person would ordinarily not wish to make known about himself or herself[]" and need not establish that the disclosure "would lead to embarrassment, retaliation or other unwelcome consequences." (internal quotation marks omitted)). Moreover, as noted above, the Subject's retired status increases his privacy interest. *See Am. Immigr. Laws. Ass'n*, 830 F.3d at 675-76. For these reasons, we agree with the district court that the redacted information—namely, the Subject's identity—is exempt from disclosure under FOIA Exemption 7(C).

\* \* \*

We have considered BuzzFeed's remaining arguments and conclude that they are without merit. The district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8